No. 2,421.

EDWARD G. TAYLOR, Respondent, v. WILLIAM SHEW, Appellant.

ACTION ON A JUDGMENT OBTAINED IN ANOTHER STATE.—An action on a judgment of a Court of competent jurisdiction in the State of New York may be maintained in this State, notwithstanding an appeal from such judgment has been taken and is still pending in the Court of Appeals in that State.

IDEM.—PLEADING.—To constitute a valid defense to such an action it must be shown that the appeal had the effect to suspend the judgment appealed from, or of staying the execution thereof.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The facts are stated in the opinion.

*Jos. W. Winans,* for Appellant.

The main defense set up by the answer, that the judgment sued on is still pending, and undetermined on appeal, constitutes a defense to this action. On principles of natural reason it would be illogical, and on principles of equity, unjust, that while an appeal from a judgment is pending in the State where the judgment was rendered, the party who recovered in the Court below could sue in another State on the judgment, and have absolute right to recover there; so that, after he had thereby obtained his money, if the appeal should be sustained and the judgment set aside, it could not be got back again if he were irresponsible, and there would result a denial of justice. On this point we submit the following authorities: (*Campbell* v. *Howard,* 5 Mass. 376–7; *Thompson* v. *Thompson,* Coxe, 159; *Atkins* v *Wyman,* 45 Maine, 399; *Dubois* v. *Dubois,* 6 Cowen, 495; *Post* v. *Neafie,* 3 Caines, 28; *Gale* v. *Butler,* 35 Vt. 6 Shaw, 449; *Levi* v. *Karrick,* 15 Iowa, 7 With. 444; *Byrne* v. *Prather,* 14 Lou. An. 653; *Thornton* v. *Mahoney,* 24 Cal. 583–4–5; *Penhallow* v. *Doane,* 3 Dallas, 87, 118; *Keen* v. *Turner,* 13 Mass. 265; *Paine* v. *Condin,* 17 Pick. 142; *Davis* v. *Condin,* 20 Pick. 510; *Robbins* v. *Appleby,* 2 N. H. 223; *Tarbox* v. *Fisher,* 50 Maine, 236; *Stillbird* v. *Beattie,* 36 N. H. 455; *Stone* v. *Spillman,* 16 Texas, 432.)

An appeal suspends the operation of a judgment, and
(T.)

while pending the party in whose favor it is rendered *"has no vested right in the judgment."* (*People* v. *Frisbie,* 26 Cal. 135; *McGarrahan* v. *Maxwell,* 28 Cal. 75; *Bryan* v. *Berry,* 8 Cal. 135; *Knowles* v. *Tucker,* 12 Cal. 212; *Woodbury* v. *Bowman,* 13 Cal. 634.)

*Scripture & Bugbee,* for Respondent, and *John T. Doyle,* of Counsel.

*First*—It is claimed that an issue of fact is raised upon the averments by the following denials, viz: "The defendant denies that the said judgment still remains, or is in full force or effect, or any force or effect whatsoever, and denies that the same is not reversed, satisfied or otherwise vacated."

The averments thus sought to be controverted are conclusions of law merely. They are not averments of any issuable facts. They are immaterial and might be stricken out. A denial of them raises no material issue. (*Hook* v. *White,* 36 Cal. 299; *Wedderspoon* v. *Rogers,* 32 Cal. 569; *Poorman* v. *Mills,* 35 Cal. 119; *Levinson* v. *Schwartz,* 22 Cal. 229; *Russell* v. *Clapp,* 7 Barb. 482; *Bently* v. *Jones,* 4 How. Prac. R. 202.)

Even if the allegations thus sought to be controverted were of material or issuable facts, the denials thereof contained in the answer are not in such form as to put them in issue. They are *negative* averments, and such averments can be traversed only by *affirmative* allegations. This is a familiar rule of pleading. (*Hook* v. *White,* 36 Cal. 299; Stephen on Pleading, 385;* Gould's Pleadings, 399; 1 Chitty's Pleading, 612;* Stephen, 387*.)

*Second*—A naked appeal, without security, and without any stay by order of Court, or by bond or otherwise, is the fact alleged in bar of this action. The appeal is no defense.

The Federal Constitution (Art. IV, Sec. 1) declares that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State;" and the Act of Congress of May 26th, 1790, provides that such records and judicial proceedings "shall have

such faith and credit given to them in every Court within the United States as they have by law or usage in the Courts of the State from whence the said records are or shall be taken." (*Mills* v. *Duryea*, 7 Cranch, 481 ; *Hampton* v. *McConnell*, 3 Wheaton, 234 ; *Bank of Alabama* v. *Dalton*, 9 How. 528.)

And in England the latest decisions concede substantially the same conclusiveness to *foreign* judgments. (*Scott* v. *Pilkington*, 110 Eng. Com. L. 10 ; *Vanquelin* v. *Bouard*, 109 Eng. Com. L. 341.)

*Third*—The only effect of an appeal, even where a full undertaking is filed, is to suspend *execution* in the Court below pending the appeal. An undertaking to pay the judgment operates solely as a *supersedeas* of execution. The judgment remains a valid and binding contract and estoppel of record. The process of the Court below for its enforcement is, indeed, withheld pending the appeal, but that is all ; an action can still be maintained on it within the State where it was rendered. (Graham's Prac. 951; 1 Archibald's Prac. 243 ; *Nicl* v. *Comparet*, 16 Ind. 107 ; *Burton* v. *Reids*, 20 Ind. 87 ; *Cole* v. *Connelly*, 16 Ala. 271 ; *Scott* v. *Pilkington*, 110 Eng. Com. L. 10; *Suydam* v. *Hoyt*, 1 Dutcher, N. J. 231.)

Perfecting an appeal in New York by the steps alleged to have been taken in the answer demurred to, does not suspend the operation of the judgment, nor stay its execution in the Court where rendered. (New York Code, Sec. 334 ; Corresponding to our Prac. Act, Sec. 348.)

In order to stay execution security must be given to pay the judgment if affirmed. (New York Code, Sec. 335 ; Cal. Prac. Act, Sec. 349.)

If it is said that the Court is not at liberty to look into the New York Code to ascertain the law of that State, we answer that if the New York law is claimed to differ from ours, it should have been pleaded. In the absence of any allegation or proof to the contrary, the presumption is that it is the same. (*Monroe* v. *Douglass*, 1 Seld. 441 ; *Cheeny* v. *Arnold*, 1 Smith, N. Y. 353.)

A judgment debtor who is prosecuting an appeal in another State is probably not without a remedy. If his

appeal is taken in good faith, and he has, by giving security, obtained a *supersedeas* there, it is probable that a Court in another State, before which an action on the judgment might be brought, would, on sufficient showing, order a stay of execution *after judgment*. But even this, it is said, is not matter of strict right, but rests in the sound discretion of the Court; it is to be obtained by motion, and not by answer; it is not a defense to the action. (Archibald's Practice, 243.)

SPRAGUE, J., delivered the opinion of the Court:

This is an action brought upon two judgments, alleged to have been recovered by plaintiff against defendant in the Court of Common Pleas of the City and County of New York, State of New York. The complaint is in the usual form, containing a count for each separate judgment.

The specific denials of the answer, in the form presented, do not put in issue the material allegations of the complaint, and the substantive matter therein alleged in bar of the action, does not constitute a defense thereto. (*Scott* v. *Pilkington*, 110 Eng. Com. Law Rep. 2 Best & Smith, Q. B. 11; *Nill* v. *Comparet*, 16 Ind. 107; *Burton* v. *Reeds*, 20 Ind. 87; *Suydam* v. *Hoyt*, 1 Dutcher, N. J. 231.)

The substance of the matter alleged in bar of the action, is that within due time after the rendition of the judgments sued upon, defendant appealed therefrom to the Court of Appeals of said State of New York; perfected such appeal by filing an undertaking on appeal, as required by the laws of New York, in the sum of $250; caused the proper return to be made and filed with the Clerk of said Court of Appeals, and otherwise duly performed all the conditions and acts required to be performed by him in the premises; and that said appeal was and is being prosecuted with all due diligence; that said appeal is still pending and undisposed of, and was so pending and undisposed of at the commencement of this action, and that no determination thereof can be had for six months or more.

The answer does not allege that the appeal, as taken and

perfected to the Court of Appeals from said judgments had, by the laws of New York, the effect of suspending the judgments thus appealed from, or of staying the execution thereof, nor is it alleged that the undertaking on such appeal was to the effect that the sureties thereon were bound in double the amount named in the judgment; that if the judgment appealed from, or any part thereof, be affirmed, the appellant would pay the amount directed to be paid by the judgment, or that any order was entered staying proceedings upon or execution of the judgment.

In the absence of any proof to the contrary, the presumption is that the effect of the alleged appeal by the laws of New York is the same as in this State; and in this State such appeal would not stay execution or proceedings for the collection of the amount of the judgment appealed from, pending the appeal, nor destroy or weaken the force and effect of the record of the judgment as evidence of the facts or matters necessarily determined thereby.

Whether by an appeal from a judgment, in which appellant had given an undertaking on appeal in form and amount sufficient to stay proceedings for its enforcement, the effect of the record of the judgment as evidence is thereby suspended or nullified, is a question not involved in this case.

Judgment affirmed.