[Department One.— January 16, 1883.]

JOHN HEINLEN, Petitioner, v. W. W. CROSS, Judge OF THE SUPERIOR COURT OF TULARE COUNTY, RESPONDENT.

INJUNCTION — DISOBEDIENCE PENDING AN APPEAL — POWER OF THE COURT. — An appeal from a judgment granting a perpetual injunction does not suspend the injunction during the pendency of the appeal, nor does it deprive the court in which the judgment was rendered of the power to punish a disobedience of the injunction as a contempt. The existence of the power devolves upon the court the duty to entertain a proper application on the subject, and such an application being made to examine the facts, and render a decision thereon.

APPLICATION for a writ of mandamus to the judge of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Heinlen & Soderberg*, for Petitioner.

*D. S. Terry*, for Respondent.

Ross, J. — The present petitioner is plaintiff in a certain action which was brought in the Superior Court of Tulare County against the Fresno Canal and Irrigation Company for the recovery of damages, and an injunction perpetually restraining the defendant in the action from diverting, or in any manner interfering with certain waters. After trial final judgment was entered in the action in favor of the plaintiff and against the defendant for eleven thousand dollars damages, and perpetually enjoining the defendant, its agents, employees, etc., from diverting or in any manner interfering with the waters, and for costs of suit. From that judgment an appeal was taken by the defendant to this court, the undertaking on appeal being in the sum of three hundred dollars for costs, besides double the amount of the money judgment.

An agent of the defendant having continued the diversion of the waters notwithstanding the judgment, application in proper form was made on behalf of the plaintiff to the Superior Court for an order on the said agent to show cause at a certain time and place why he should not be punished for contempt of court in disobeying the injunction awarded by the judgment. At the time and place appointed for the purpose, the agent of the

defendant in the action appeared with his counsel and stated to the court that since the entry of the judgment the defendant had continued to divert the waters by the same means and to the same extent as before, but by no other means and to no greater extent, which statement being assented to by the plaintiff, the court dismissed the proceedings and discharged the agent on the ground that the process of contempt was a proceeding in the action, and that by the appeal all proceedings under the judgment had been stayed.

Had the action of the court below been in the exercise of a judicial discretion, of course mandamus would not lie to compel the court to proceed in the matter. But it is perfectly manifest that the action of the court in dismissing the proceeding was based on a supposed want of power occasioned by the appeal and the incidental stay of proceedings wrought by the execution of the undertaking on appeal. If the injunction was not suspended by virtue of the appeal, it was the duty of the court to have inquired into the facts, and to have brought its judgment to bear upon them. (*Merced Mining Company* v. *Fremont,* 7 Cal. 130.) Did the appeal suspend the injunction?

It was claimed for the respondent that it did by virtue of § 949 of the Code of Civil Procedure. But that section, so far as this question is concerned, is substantially the same as § 356 of Parker's Cal. Prac. Act, which was in force when the case of the *Merced Mining Company* v. *Fremont, supra,* was decided, and substantially the same as § 342 of the New York Code. (Wait's N. Y. Code, § 342. In *Merced Mining Co.* v. *Fremont,* this court held that the execution of the undertaking contemplated by § 356, of the former Practice Act, did not have the effect of suspending the injunction — the court saying: "When a party is restrained by injunction, he is not injured in contemplation of law, as he is already secured by the undertaking. If, on the contrary, an appeal, with an undertaking of three hundred dollars, would have the effect of staying the injunction itself, then the plaintiff would have no remedy, and the writ be idle. It would entirely destroy the usefulness of this writ. A stay of proceedings, from its nature, only operates upon orders or judgments commanding some act to be done, and does not reach a case of injunction."

As already said, the New York statute is substantially the same as ours so far as concerns the question under consideration. And in a late case in that State, reported in 71 N. Y. 430, the court of appeals said: "The order of the judge was in substantial compliance with the statute, and stayed 'all proceedings on the part of the plaintiff in execution of the judgment.' But this did not affect the validity or effect of the judgment pending the appeal, so far as it bore upon and restained the action of the defendant, its servants and agents. It did not absolve them from the duty of obedience and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages. The statute does not, and the judge's order staying the plaintiff did not and could not, derogate from the efficiency of the judgment in its operation upon, and effectually restraining all acts by the defendant in violation of its mandate. The court should have and doubtless has the power, notwithstanding an appeal, especially as long as the action is pending in the same court upon an appeal from the special to the general term, to command respect for its judgments and obedience to its mandates until they are reversed. This power is essential to the administration of justice, and to the respect which courts of justice have a right to demand from suitors. It would seem to be preposterous that a party could, by the mere order of the court staying his hands from executing a judgment not yet executed, be deprived of the whole fruit of the judgment by the lawless act of the defeated party pending an appeal, without remedy, that he must stand by, and without possibility of redress, see the subject-matter of the litigation destroyed, so that if he succeeds in affirming the judgment it will be a barren victory. If the respondent here is right in its contention, pending an appeal from a judgment staying waste, which if committed will destroy the freehold, the appellant in simply staying the plaintiff's proceedings on the judgment may with impunity do the very act forbidden and destroy the freehold. This would be to give the latter injunction, staying action by the one party upon the judgment, effect, as working a dissolution of the permanent and general injunction before granted, restraining the other party from doing

any act affecting the subject of the litigation.   The judgment, so far as it enjoined the defendant, needed no execution.   It acted directly without process upon the defendant, and the stay only operated to prevent the collection of the costs awarded." (See also *Hicks* v. *Michael*, 15 Cal. 107; *Ortman* v. *Dixon*, 9 Cal. 23; *State* v. *Chase*, 41 Ind. 356; High on Injunction, 2d ed., § 1698.)

Let the peremptory writ issue.

MORRISON, C. J., and McKINSTRY, J., concurred.