[S. F. No. 1889.   In Bank.—September 23, 1899.]

I. D. ROGERS, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent.

APPEAL FROM JUDGMENT—STAY OF PROCEEDINGS—RELIEF REQUIRING NO PROCEEDING.—When the existence of the judgment appealed from affords all the relief awarded, and there is no proceeding to be had under it, section 946 of the Code of Civil Procedure does not apply to it.   That section does not provide that the judgment shall be suspended, but only that no further proceedings shall be had upon the judgment appealed from, or upon the matters embraced therein.

Id.—Injunction in Judgment—Operation not Suspended by Appeal.—
An injunction embodied in a judgment, which imposes no con-
dition upon the plaintiff to make it operative, is in effect upon
the rendition of the judgment; and the stay of proceedings
pending appeal therefrom provided for in section 946 of the
Code of Civil Procedure has no application to suspend the oper-
ation of the injunction, notwithstanding a provision in the
judgment that the defendant may take steps to vacate the in-
junction upon complying with a specified condition on his part.

Id.—Motion to Vacate Injunction — Condition and Permission in
Judgment—Proceeding Pending Appeal—Mandamus.—A motion
by the defendant to vacate the injunction, upon alleged com-
pliance with a condition specified in the judgment to be per-
formed by him, and in accordance with permission given to
him therein to make such motion upon such compliance, is a
proceeding upon the judgment and upon the matters embraced
therein, within the meaning of section 946 of the Code of Civil
Procedure, and cannot be entertained by the court pending an
appeal by the plaintiff from the judgment, regardless of the
construction to be given to such condition and permission.
Mandamus will not lie to compel the court to act upon the mo-
tion pending such appeal.

APPLICATION for writ of mandate from the Supreme
Court to the Superior Court of Riverside County.    J. S. Noyes,
Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Petitioner.

John G. North, for Respondent.

TEMPLE, J.—This is an application for a writ of mandate
commanding the superior court of Riverside county to entertain
the motion of petitioner to vacate and set aside an injunction
granted by decree in the case of *J. S. Smith and others v. Stearns
Ranchos Company et al.,* and if it shall appear that petitioner
has presented to each of the plaintiffs a certain bill or state-
ment, "then to vacate and set aside the injunction granted,"
et cetera.

Suit was brought by numerous plaintiffs against the Stearns
Ranchos Company, a corporation, and I. D. Rogers for an in-
junction to restrain defendants from depriving the plaintiffs of
water from a certain canal by reason of nonpayment of assess-
ments levied by defendants upon water rights of plaintiffs in

the North Riverside and Jurupa canal, situated in San Bernardino and Riverside counties.

In their complaint, said plaintiffs asserted that each plaintiff owned the right to a specified amount of water, and of such portion of the canal as would carry such water. Also that plaintiffs owned in severalty certain tracts of land planted with fruit trees and vines which were irrigated from said canal, and that defendants claim the right to levy and collect assessments for maintaining and repairing said canal, and threaten to turn off the water for nonpayment of certain assessments so made by them. The assessments contain—plaintiffs contend—many improper charges.

Issues were made by defendants, and the case was tried, and decree entered February 21, 1899. It was found and adjudged that neither of plaintiffs owns an undivided interest in the canal, but each is an owner of an easement therein to have carried the amount of water alleged as to each of the plaintiffs, "subject to the payment therefor of the proportion of expense of maintaining and repairing said canal as the number of inches of carrying capacity held by each bears to the entire amount of water flowing in said canal from time to time," and that I. D. Rogers, as lessee of the corporate defendant, has the sole right to levy assessments. It was also found that the assessments made were correct and proper, except as to one item "for abstracting," amounting to one hundred and thirty-five dollars. It was further ordered as follows: "That the defendant, I. D. Rogers, his servants, agents, and employees, be, and they are, perpetually enjoined from shutting off from plaintiffs, or either of them, for nonpayment of the assessment heretofore named, the water which said plaintiff is entitled to receive; provided, however, that said defendant I. D. Rogers may, at any time he may desire, make out and present to each and every of said plaintiffs herein a statement, claim, or bill, for and on account of their proportion of the expense of the maintenance and repair of said canal during the times hereinbefore mentioned, eliminating therefrom the charge above named of one hundred and thirty-five dollars for abstracting; and that thereafter the said defendant I. D. Rogers may apply to this court to have this decree vacated and set aside as to the injunction hereinbefore

granted; and upon sufficient showing to this court that such statement, claim, or bill, eliminating said charge for said abstracting, has been so made out and presented to plaintiffs, then said defendant I. D. Rogers shall be entitled to have this decree, so far as it grants an injunction against said defendant, vacated and set aside."

Rogers complied with the terms of the decree and made a motion, upon notice, to vacate and set aside the injunction, in pursuance of the permission given in the decree. Upon the hearing, some objections were made to the proceeding, the plaintiffs contending that Rogers had not made such a showing as would entitle him to the order. The motion was taken under advisement, and before it was decided the plaintiff appealed and gave a bond on appeal. Thereafter the superior court made the following order: "The motion to dissolve the injunction heretofore argued and submitted is denied." The petitioner contends that the motion was denied solely upon the ground that the court concluded that it was deprived of jurisdiction by the appeal. Practically, this is admitted by the answer of respondent in this proceeding, in which it is stated: "The said superior court, defendant herein, in making the said order, considered fully all the matters set forth in the aforesaid affidavits and briefs of counsel, and entertained said motion and denied the same" because an appeal had been perfected to this court. It is quite forcibly argued that this return shows that the court has not refused or failed to pass upon the motion, but has acted in the matter by denying the motion, and, therefore, petitioner is remitted to his remedy by an appeal. As I think the mandate must be denied on other grounds, this contention need not be determined. Conceding that the court refused to entertain the motion because of the appeal, I think the action of the court must be sustained.

The parties seem in entire accord as to the law applicable to the case, but they differ as to the construction of the judgment or decree entered in the suit for an injunction.

On one side it is contended that a final decree was entered granting a perpetual injunction with a provision that, on certain conditions, the court would vacate the judgment, but that it was not an interlocutory order which implied another and final decree.

The petitioner contends that the decree was a conditional dissolution of the injunction, a judgment to take effect when the defendants in that action should make it appear that they had remitted the improper charge of one hundred and thirty-five dollars.

If it be admitted that the judgment entered is final, in the sense that an appeal may be taken from it, the consequences, so far as affects this application, will be the same whichever view is adopted.  Section 946 of the Code of Civil Procedure contains the following: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein."  Certainly, the injunction was in effect at once upon the rendition of the judgment.  No condition was imposed upon the plaintiffs to be performed before it became operative.  When the existence of the judgment affords all the relief awarded, and there is no proceeding to be had under it, the stay provided for in section 946 does not apply to it.  That section does not provide that the judgment shall be suspended, but that no further proceedings shall be had upon the judgment, or upon the matters embraced therein.  The motion of petitioner to have the injunction dissolved, made in pursuance of the permission contained in the decree, was a proceeding upon the judgment and upon the matters embraced therein.

Petitioner contends that the judgment, being for an injunction, is not suspended by the appeal, and that by the terms of the decree the right to the injunction is made conditional.  His injunction continues, notwithstanding the appeal, and its continuance must still be subject to the condition that it may be ended.  The following cases are cited: *Merced Min. Co. v. Fremont,* 7 Cal. 130; *Bliss v. Superior Court,* 62 Cal. 543; *Heinlen v. Cross,* 63 Cal. 44.

In the first case Judge Field says the purpose of a stay is to prevent any future change in the condition of the parties.  If it dissolved an injunction it might have an opposite effect.  The stay, therefore, will not affect an order restraining a party from doing an act to obtain which restraint a bond has been given.  The stay only suspends that part of a judgment which com-

mands something to be done. The language of the code conforms to this. It stays the lower court from proceeding upon the judgment or on the portion appealed from.

In *Bliss v. Superior Court, supra,* it was held that an appeal from an order refusing to dissolve a temporary injunction will not deprive the superior court of jurisdiction to try the case pending the appeal. The stay is limited to the matter appealed from.

In *Heinlen v. Cross, supra,* the question was whether, during an appeal from a judgment awarding an injunction, the lower court could proceed to punish a party for its violation during that period. It was properly held that it could. The judgment for an injunction required no writ for its execution. It was a self-executing judgment, and there were no proceedings upon it to be suspended by the appeal. Until reversed, it stands as a valid judicial command, and its violation is a contempt of court which should be punished. The effect of the decision is that to punish for such a contempt is not a proceeding upon the judgment.

The relief asked for by the petitioner cannot be granted except by a proceeding upon the judgment.

The petitioner does not, and could not, successfully contend that the decision is not of the nature of a final decree from which an appeal may be taken. As already stated, there is no condition precedent to the judgment becoming operative. No fact is to be ascertained before the court can advisedly determine the rights of the parties. It is more like a decree of specific performance, which is executed under the immediate supervision of the court. It finally determines the rights of the parties and grants the appropriate relief. Perhaps it would have been a better decree, under the circumstances, if the court had limited the injunction to the collection of the illegal charge. But if that be so, the decree actually made cannot be modified in this proceeding.

Harrison, J., Garoutte, J., McFarland, J., Beatty, C. J., and Henshaw, J., concurred.