[S. F. No. 3629.   In Bank.—September 12, 1903.]

HENRY J. CROCKER et al., Petitioners, v. N. P. CONREY, Judge of Superior Court, Respondent.

CONTEMPT—DEPOSITION TAKEN BEFORE JUDGE—REFUSAL TO ANSWER— POWER OF JUDGE.—A judge in whose court an action is pending may order the attendance of a witness before him to give a deposition, and may command him to answer proper interrogatories; and if his orders are disobeyed, he may punish the witness summarily for the contempt.

ID.—RIGHTS OF PARTY—DISCRETION OF JUDGE—MANDAMUS.—The judge before whom the deposition of a defendant is taken at the instance of the plaintiffs, should compel the witness to answer, and has no discretion to refuse to exercise the powers vested in him by law, so far as necessary to secure to such plaintiffs the right to take such deposition; and *mandamus* from this court is the proper

remedy to compel such judge to complete the taking of the deposition, and to employ the process of contempt against the witness to compel him to answer.

MANDAMUS from this Court to a Judge of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Hunsaker & Britt, and Mastick, Van Fleet & Mastick, for Petitioners.

Clarence A. Miller, George J. Denis, for Respondent; L. L. Boone, and Oscar A. Trippet, *Amici Curiæ,* also for Respondent.

BEATTY, C. J.—This is an original proceeding by *mandamus* to compel the respondent to complete the taking of a deposition and to employ the process of contempt against the witness to compel him to answer. The matter has been submitted upon a demurrer to the petition, from which it appears that these petitioners, having commenced an action for damages in the court of which the respondent is judge, filed a proper affidavit and gave regular notice that they would on a certain day take the deposition of the defendant therein before said judge at his courtroom. In pursuance of this affidavit and notice, the respondent issued a subpœna commanding the attendance of said defendant as a witness, and at the appointed time he appeared and was duly sworn to testify as a witness in the cause, but by the advice of his counsel and under their instructions he refused to answer certain proper questions propounded to him by counsel for the plaintiffs, and further declared his intention to refuse to answer any questions relating to the matters in controversy in the action.

Counsel for plaintiffs thereupon requested respondent to commit the defendant for contempt until he should consent to answer all such proper questions as might be asked him. This the respondent refused to do upon the sole ground that he had no power or jurisdiction to compel the defendant to answer.

A number of questions have been elaborately argued by counsel that are disposed of by our recent decision in the case

of *Burns* v. *Superior Court, ante,* p. 1. It is there held—
contrary to the decision in *Lezinsky* v. *Superior Court,* 72
Cal. 510—that the refusal of a witness in a proper case to
attend and give his deposition before a notary is one of the
contempts of court defined by section 1209 of the Code of
Civil Procedure which the court having jurisdiction of the
action in which the deposition is to be used may deal with in
the same manner that it may deal with other contempts not
committed in its immediate view and presence. Under the
law as thus declared there can be no doubt that this witness
was guilty of a contempt in refusing to answer any question
relating to the matters in controversy,—for this was a refusal
not only to answer questions of doubtful or disputed per-
tinency, but was a refusal to answer any and every question
that might be asked, however material and unobjectionable.
There is equally little doubt that the *court* of which the re-
spondent is judge could have punished the contempt by a fine,
and that it could in addition have committed the witness to
jail until he consented to answer. For if the court in which
an action is pending can punish a witness for refusing to
testify before a notary, there is no possible reason why it can-
not punish him for refusing to answer when the deposition is
being taken before the judge of that court.

The only question that could arise in such case would be as
to the procedure for enforcing the authority of the court. It
might be contended that it would be necessary, as a founda-
tion for any further proceeding against the witness, to lay
before the court a formal complaint in writing duly verified,
setting out the facts already within the knowledge of the
judge, and thereupon to issue an attachment, citation, or or-
der to show cause as in other cases of contempt not committed
in the immediate view and presence of the court.

This contention could not be denied if the judge taking the
deposition, under the circumstances disclosed by this petition,
is to be regarded as a mere ministerial functionary, endowed
with no more authority than a notary public or other officer
empowered to administer oaths, for in such case, according
to the decision of *Burns* v. *Superior Court, ante,* p. 1, the
contumacy of the witness must be reported to the court, and
the punishment, if any, inflicted by the court.

This case, however, differs from the Burns case in a most important particular, and the authority of the judge himself to punish the witness and compel him to answer without resorting to the court for that purpose is supported by provisions of the code which have no application to notaries and other ministerial officers.

By section 177 of the Code of Civil Procedure it is provided that—

"Every judicial officer shall have power:

"1. To preserve and enforce order in his immediate presence, and in proceedings before him, when he is engaged in the performance of official duty;

"2. To compel obedience to his lawful orders as provided in this code;

"3. To compel the attendance of persons to testify in a proceeding before him, in the cases and manner provided in this code;

"4. To administer oaths to persons in a proceeding pending before him, and in all other cases where it may be necessary in the exercise of his powers and duties."

and by section 178, that—

"For the effectual exercise of the powers conferred by the last section, a judicial officer may punish for contempt in the cases provided in this code."

To take evidence in the form of depositions is a function which while it may, for the sake of convenience, be sometimes delegated to notaries and other non-judicial officers, is nevertheless more especially the function of the judge before whom a cause is pending in which the depositions may be required. The taking and certifying of depositions by a notary is strictly analogous to the taking and reporting of testimony by a referee. It is a portion of the judicial function that may be delegated; and as long as witnesses consent to answer proper questions, the referee or notary may act as efficiently as the judge himself in reducing the evidence to a form in which it may be used at the trial. But the power to punish for contempt in refusing to answer, or of committing to prison until a witness consents to answer, is a judicial function which cannot be delegated. The referee in such case must report his contumacy to the court and leave to the court the determina-

tion of the question whether a contempt has been committed and how it is to be punished.

This, however, is only because the legislature cannot confer upon a non-judicial officer powers in their nature essentially judicial, and, therefore, the statute (Code Civ. Proc., sec. 1991) which attempts to empower any officer issuing a subpœna to punish for contempt is only unconstitutional as to non-judicial officers. As to the judge in whose court an action is pending,—the judge invested with power to do any and everything looking to the trial and final disposition of the cause which the rules of practice prescribed by the legislature authorize him to do,—when he consents to take the deposition of a witness, he is acting not as a mere ministerial functionary, but in the discharge of his duty as a judge, and is armed with all the powers of a judge in chambers.

The cause itself is a proceeding before him; it is a cause pending in his court, awaiting his final judgment, and in every step of the process wholly within his jurisdiction. The taking of a deposition to be used on the trial of the cause is a proceeding in the cause, and when the judge himself is acting it is a proceeding before him. He may therefore under the provisions of the code above cited (Code Civ. Proc., secs. 177, 178) order the attendance of witnesses to give their depositions and command them to answer proper interrogatories. If his orders are disobeyed, he may punish summarily for the contempt. (Code Civ. Proc., sec. 1211.) He is not, like the notary in such case, a mere ministerial functionary, endowed with no power except to write down what a witness consents to say; he is the judge of the court in which the cause is awaiting trial, and he is engaged in the performance of the legitimate judicial duty of securing to a party the means of producing at the trial the evidence necessary to sustain his action or defense. What reason, then, can be urged against his power and duty to enforce obedience on the part of a witness giving his deposition that could not be urged with equal force against the right of any judge in chambers to compel a witness to answer in any other proceeding. I can conceive of none, and I am fully persuaded that if the statutes of this state relating to depositions had been from the beginning identical in all respects with those that we have, except only

that they had limited the power to take depositions to the judges of the courts having jurisdiction of the causes in which the depositions were to be used, it never would have entered into the brain of any lawyer to contend that the judge taking a deposition was not performing a strictly judicial duty.

The views here expressed are not in conflict with anything decided in the Lezinsky case, and are even supported by what is implied in that opinion. It is there plainly intimated that among the officers empowered to take depositions there are some who have the power to punish a refusal to testify as a contempt, and evidently this was for the purpose of parrying the force of the argument that the effect of the decision would be to put it out of the power of a party ever to secure the deposition of an unwilling witness. The officers so indicated must have been the judges having jurisdiction of the causes in which the depositions were to be used.

We think that in this case the respondent should have compelled the witness to answer, and that he had no discretion to refuse to exercise the powers with which the law invested him so far as necessary to secure to the petitioners the right which the law confers upon them to take the deposition of the defendant in the action.

When the orderly proceedings of a court have been subjected to an unseemly interruption, and the only question is whether the offender shall be punished by fine or imprisonment, in order to vindicate the dignity of the tribunal, and as an example to others, the discretion of the court to punish or to condone the offense is absolute. But where the right of a party can only be secured by committing to prison a contemner of the lawful orders of a court until he offers to purge the contempt the exercise of the power to commit becomes obligatory. In such a case *may* means *must*. The respondent should have compelled the witness to answer, and if necessary should have resorted to the power conferred by section 1219 of the Code of Civil Procedure.

*Mandamus* is the proper remedy. There is no other adequate remedy, and where he has no discretion to refuse to act a judicial officer is as much subject to the mandate of a higher court as any other officer. (*Merced Mining Co.* v. *Fremont,*

7 Cal. 130; *Ortman* v. *Dixon,* 9 Cal. 23; *Heinlen* v. *Cross,* 63
Cal. 44; *Temple* v. *Superior Court,* 70 Cal. 211.)

Let a peremptory writ issue as prayed.

Van Dyke, J., and Henshaw, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment,
upon the ground that the respondent, as judge of the supe-
rior court, is expressly given power by section 1991 of the
Code of Civil Procedure to punish for contempt a witness who
has disobeyed a subpœna issued by the judge under section
1986. It matters not that authority to take depositions is also
given by the code to officers not entitled to exercise judicial
functions—as a notary public—and upon whom the power to
punish for contempt could not be conferred by the legislature.
And, in my opinion, it matters not whether the deposition to
be taken before the judge is or is not in a case pending in the
court over which the judge presides. The case at bar is en-
tirely outside of the Lezinsky case. In that case a witness
disobeyed a subpœna not issued by the court, or even by a
judge thereof, but by a notary public.

Rehearing denied.

Angellotti, J., and Lorigan, J., dissented from the order
denying a rehearing, and the former filed the following opin-
ion on the 8th of October, 1903:—

ANGELLOTTI, J., dissenting.—I dissent from the order
denying the petition for a rehearing. It is conceded by every-
body that this is not a proceeding against the superior court,
but one against Hon. N. P. Conrey, a judge of such court;
and also that the taking of the deposition in and about which
the matters constituting the alleged contempt arose was not
being had in the superior court, but, under the provisions of
our code relative to the taking of such depositions, before an
officer authorized to administer oaths. Under these circum-
stances, it appears to me to be wholly immaterial that the judge
before whom such deposition was being taken was the
judge of the department of the superior court in which the
action on the trial of which the deposition being taken might

thereafter be used was pending. The taking of such deposition *by the judge* was no part of the trial of the action *by the court*. The action is not pending before the "judge" at all. It is pending before the "court," and must be tried by the court. Such a deposition may be taken before issue is joined at all. In order to entitle the deposition to be thereafter used on the trial, it is required, whether taken before the judge of the court in which the action is pending or before any other officer authorized to administer oaths, to be taken in the manner prescribed by the section of the code relative to the taking of such depositions (Code Civ. Proc., secs. 2021, 2031, 2032, 2033), subscribed by the witness, certified by the judge or other officer taking it, inclosed in an envelope, and transmitted by the judge or other officer to the clerk of the court in which the action is pending or to such person as the parties in writing agree upon. When so taken and transmitted it may be used on the trial thereafter had, subject to all legal exceptions. The officer taking such a deposition, be he judge or notary, has no power to rule upon questions as to the admissibility of testimony, and if an objection be made, can only note the same in the deposition, and the party making the objection is entitled on the trial to a ruling from the court. In the taking of such depositions there is no distinction between the duty of the judge of the court in which the action is pending and those of any other judge or any other officer authorized to administer oaths. If the respondent has the power to punish for contempt a witness who refuses to testify upon the taking of such a deposition before him, such power is not, in my judgment, due to the fact that he is the judge of the court in which the action is pending, and I am unable to concur in the opinion of the chief justice which bases the conclusion that he has such power upon that fact. If he has such power, it appears very clear to me that every judge taking such a deposition, whether for use in the court over which he presides or in any other court, has the same power. The concurrence of Mr. Justice McFarland is based upon the opinion that every judge taking such a deposition has such power. It is conceded by all the justices that a ministerial officer taking such a deposition (and all ministerial officers authorized to administer oaths may do so) cannot punish for contempt, the exercise of such a

power being purely a judicial function, and this court so held in the Burns case. There is no judicial duty involved in the taking of such a deposition, whether the officer taking the same be a judge or notary public. The officer, whoever he may be, acts in a purely ministerial capacity. The statute clothes judges with the power to take and certify affidavits and depositions by the same section by which it authorizes them to take and certify the proof and acknowledgment of a conveyance of real property, and the acknowledgment of a satisfaction of judgment (Code Civ. Proc., sec. 179), and they are also authorized to solemnize marriage. (Civ. Code, sec. 70.) These are purely ministerial powers, which it is optional with them to exercise or not, and no one would claim that while exercising such powers they are discharging judicial duty. When a judicial officer, by virtue of a statute authorizing him to so do, acts in a ministerial capacity he becomes for the purpose of so doing purely a ministerial officer, with no greater or less power in regard thereto than any other ministerial officer authorized to do and doing the same thing. With respect to the doing of the ministerial act, he is not a judicial officer, and not being a judicial officer he cannot punish for contempt. Sections 177 and 178 of the Code of Civil Procedure, authorizing a judicial officer to punish for contempt in certain cases, relate entirely to cases in which he is engaged in the performance of judicial duty. That portion of section 1991 of the Code of Civil Procedure which purports to authorize a ministerial officer issuing a subpœna to punish as a contempt disobedience thereof, or a refusal to be sworn or answer as a witness, is, under the views expressed in the Burns case, unconstitutional. That case clearly indicated that such punishment could be imposed only by the *court* in which the action is pending. I am unable to reconcile the conclusion in this case with the reasoning of the court in the Burns case, and am of the opinion that the respondent judge was correct in his conclusion that he had no authority to punish the witness for contempt, and that the writ should be denied.

Lorigan, J., concurred in this dissent.