[No. 28. Second Appellate District.—July 14. 1905.]

## JOHN H. GAY, Appellant, v. M. R. THORPE, Justice of the Peace, Respondent.

PROHIBITION—CONTEMPT PROCEEDINGS BY JUSTICE OF THE PEACE—DEPOSITION OF WITNESS IN SUPERIOR COURT—REFUSAL TO OBEY SUBPOENA—JURISDICTION.—A deposition of a witness to be taken in an.

action pending in the superior court is a proceeding in that court which can alone punish a disobedience to a subpoena for such witness, and a justice of the peace before whom the deposition is taken has no jurisdiction to punish such disobedience as a contempt, and prohibition will lie to restrain the justice from so doing.

APPEAL from an order of the Superior Court of San Diego County denying a writ of prohibition. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, and Oscar A. Trippett, for Appellant.

Valentine & Newby, and Victor E. Shaw, for Respondent.

ALLEN, J.—This is an appeal from an order of the superior court of San Diego County denying appellant's application for a writ of prohibition against respondent. The record discloses that on March 20, 1903, there was an action pending in said superior court in which case notice was duly served upon defendant, properly supported by affidavit, to take his deposition. This notice and affidavit were filed with respondent, as justice of the peace for said county, and he issued a subpoena requiring defendant to appear on a day specified and give his deposition. The defendant disobeyed such subpoena. Upon an affidavit being filed, a warrant of arrest was issued by the justice, directing the defendant to be brought into the presence of said justice to answer the charge of contempt. Appellant thereupon applied to the superior court of San Diego County for a writ of prohibition, commanding the respondent justice to appear before such court and show cause why he should not be restrained from further proceedings in said matter. Upon the hearing of this application, the same was denied. This was error.

The taking of a deposition is a part of the proceedings in the court for whose use the evidence is sought to be taken. One who is a witness summoned to attend and give his deposition in an action is certainly a person connected with a judicial proceeding before a court. His conduct in failing to attend in obedience to a subpoena is therefore a matter which can be controlled by the court; and if so, the control can be made effective only by the existence of the power to

punish the disobedience. (*Burns* v. *Superior Court*, 140 Cal. 11, [73 Pac. 597].) The taking of a deposition to be used on the trial of the cause is a proceeding in the cause. (*Crocker* v. *Conrey*, 140 Cal. 217, [73 Pac. 1006].) The jurisdiction of courts of equity, having been given to the superior court by the constitution, cannot be taken away by statute. (*Tulare* v. *Hevren*, 126 Cal. 228, [58 Pac. 530]; *Burns* v. *Superior Court*, 140 Cal. 11, 73 Pac. 597.) The same rule would seem to apply to the powers necessary to the exercise of this jurisdiction. (*Burns* v. *Superior Court*, 140 Cal. 11, [73 Pac. 597].) The refusal of a witness in a proper case to attend and give his deposition before a notary is one of the contempts of court defined by section 1209 of the Code of Civil Procedure. (*Crocker* v. *Conrey*, 140 Cal. 215, [73 Pac. 1006].) Every court of general jurisdiction has inherent power to punish for contempt persons who obstruct or interfere with its proceedings. (*Ex parte Terry*, 128 U. S 303, [9 Sup. Ct. 77].) That one may not be put in jeopardy a second time for the same offense is a right guaranteed by the constitution. Were the statutes to be so construed as to give to a justice of the peace acting for the superior court in the matter of taking depositions power to punish for contempt the disobedience of a subpœna issued in such proceedings by the justice, it would be to say that the justice of the peace was given a power the exercise of which would be to defeat and destroy the power reposing in the superior court in the first instance. We are of opinion that the statutes do not contemplate that the superior court should be shorn of any of its inherent power, and therefore no jurisdiction rests within the justice of the peace to punish for contempt the disobedience of the subpœna issued by respondent, and the writ should have been granted.

The order and judgment of the superior court denying the writ are reversed.

Gray, P. J., and Smith, J., concurred.