[L. A. No. 1957. In Bank.—January 2, 1908.]

## MARGARET C. GRAHAM, Appellant, v. PASADENA LAND AND WATER COMPANY, Respondent.

WATER-RIGHT — SALE OF LAND SUBJECT TO WATER SUPPLY — EASEMENT.—Where land is sold by a corporation, which is the owner of a water system, and whose by-laws provided that the water should be supplied to the lands which it sold, to be used thereon, and after the sale water was always supplied to such land for use thereon, the right to the use of such water is an easement appurtenant to the land.

ID.—INJUNCTION—RIGHT TO WATER RUNNING FOR BENEFIT OF LAND.—In an action by an owner of land to enjoin the transfer of all its property and franchises by a water company, furnishing water to such land, where the record on appeal shows that it was assumed, throughout the case, that the plaintiff, and others similarly interested, have the right to receive of the waters in controversy for use on their respective tracts of land, a sufficient quantity for the need thereof, if there is enough for that purpose, and, if not, then their due share of the water available, and that this is a continuing right and still remains vested in them, it is immaterial whether the trial court found such right to be a technical easement, or a right running with the land for its benefit.

ID.—CONSENT OF STOCKHOLDERS TO TRANSFER.—The action of the holders of two thirds of the capital stock of a corporation in consenting to the transfer of all the property, business, and franchises of a corporation, is binding on the other stockholders.

ID.—CASE AFFIRMED.—The right of the defendant company to make the transfer in question is affirmed, on the authority of *South Pasadena* v. *Pasadena Land and Water Company, ante,* p. 579.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, John E. Carson, and William Collier, for Appellant.

Porter, Sutton & Cruickshank, and Anderson & Anderson, for Respondent.

SHAW, J.—The record presents appeals by the plaintiff on a judgment in favor of the defendant and from an order denying her motion for a new trial.

The transaction involved in the case, the validity of which is attacked by the plaintiff, is the same as that which was considered and held valid by us in the companion case entitled, *City of South Pasadena* v. *Pasadena Land and Water Co.,* *ante,* p. 579, [93 Pac. 490]. The facts are fully stated in the opinion in that case, so far as they correspond with the facts here. In this case a trial was had and findings made which present some different questions. We will, in this opinion, consider only these questions, so far as they are presented in the argument.

The plaintiff owns land on which she resides. It is situated within the district served with water by the defendant, in the city of South Pasadena. She is also a stockholder in the defendant company. She sues on behalf of herself and of other stockholders similarly situated and having similar rights.

It is specifically alleged that the water furnished for use on the land is an easement appurtenant to the land. The court found that this allegation was not true. It is admitted by the pleadings, however, that the plaintiff had bought the land from the San Gabriel Orange Grove Association, a corporation, which then owned the water supply in question, and which afterwards transferred the said supply together with this water system to the defendant; that the by-laws of said association provided that the water should be supplied to the lands which it sold, to be used thereon, and that always thereafter said water was supplied to said land for such use in accordance with the original understanding. It is clear that the finding is not warranted by the admitted facts of the case and we think it was not sustained by the evidence introduced. Under the facts stated, the right to receive water from the supply under the control of the defendant, is clearly appurtenant to the land of the plaintiff. (Civ. Code. secs. 552, 801.) The finding, however, is a mere conclusion of law, and, besides, we think it is entirely immaterial. The record shows that it was assumed, throughout the case, that the plaintiff, and others similarly interested, have the right to receive of the waters in controversy for use on their respective tracts of land, a sufficient quantity for the need thereof, if there is

enough for that purpose, and, if not, then their due share of the water available, and that this is a continuing right and still remains vested in them. This being the case, it is immaterial whether the court below understood that this right came within the legal definition of an easement appurtenant to the land, or not. Taking the view apparently held by that court, the right would run with the land for its benefit and the owner of the land would have the same right to enforce the delivery of the water as if it were an easement and appurtenance as claimed. An erroneous finding upon an immaterial issue is not cause for a reversal.

The court further found that it was the intention of the defendant company to transfer its water plant and system to the city of Pasadena, subject to all the rights of the plaintiff as a consumer and user of the water, that the city has offered to buy all the defendant's water, subject to the obligations of the defendant to its consumers, and that the company has duly accepted said offer and authorized a conveyance thereof to be made on its behalf, subject to the condition that all users and consumers of the water, outside of the city of Pasadena, shall be fully protected in their rights as they now exist, and in the use of water as now enjoyed. This finding is not challenged by the specifications.

It sufficiently appears therefrom that the defendant is not proposing to transfer its property so as to deprive the plaintiff or those in her situation of the water rights they now enjoy, and, hence, she is not entitled to an injunction on that ground.

So far as her rights as a stockholder of the defendant are concerned, she is bound by the action of the holders of two thirds of the stock, consenting to the transfer proposed, and the action of the directors in accordance therewith. It is not claimed that there is any fraud in the transaction. The right of the defendant company to make this transfer and all other questions presented by the record, not mentioned above, are fully considered and decided in *South Pasadena* v. *Pasadena Land and Water Company, ante,* p. 579, [93 Pac. 490], above referred to.

No injurious error appears in the record.

The judgment and order are affirmed.

Angellotti, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.