### In re BERLIN DYE WORKS & LAUNDRY CO.

(District Court, S. D. California, S. D. July 6, 1915.)

#### No. 1367.

BANKRUPTCY ☞315—CLAIMS—"FINAL JUDGMENT."

Under Code Civ. Proc. Cal. § 942, providing that an appeal from a judgment directing the payment of money shall not stay execution unless a supersedeas bond is given, a judgment for damages for personal injuries, from which an appeal had been taken without bond, is a final judgment, on which a claim against a bankrupt's estate can be based.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 488, 491; Dec. Dig. ☞315.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

In Bankruptcy. Proceedings against the Berlin Dye Works & Laundry Company. On claim of C. K. Douglas against the bankrupt for the amount of a judgment recovered by him. Claim allowed.

E. B. Drake, of Los Angeles, Cal., for plaintiff.

W. T. Craig, Carroll Allen, Dave F. Smith, Benjamin E. Page, and A. Henderson Stockton, all of Los Angeles, Cal., for trustee.

TRIPPET, District Judge. C. K. Douglas brought suit against the Berlin Dye Works & Laundry Company, in the superior court of California, for injuries to his person resulting from a tort. He obtained judgment against the defendant, and the defendant appealed therefrom without giving a supersedeas bond. Thereafter an involuntary petition in bankruptcy was filed, and the defendant was declared a bankrupt. Douglas presented a claim against the bankrupt estate for allowance, based upon said judgment, while the appeal was pending. Whether the claimant's judgment is provable depends upon whether or not it is a final judgment.

Section 942 of the Code of Civil Procedure of California provides that, if the appeal be from a judgment or order directing the payment of money, such as this judgment is, it does not stay the execution of the judgment unless a bond is given for said purpose. It has been held by the Supreme Court of California that, during the time allowed

for an appeal, and while an appeal is pending from a judgment, it cannot be introduced in evidence, and the statute of limitations does not run against a suit thereon. Feeney v. Hinckley, 134 Cal. 467, 66 Pac. 580, 86 Am. St. Rep. 290. This case was decided by a divided court. The great weight of authority is to the effect that the pendency of an appeal will not deprive the plaintiff of his right to sue on the judgment, unless there has been a stay of proceedings. 23 Cyc. 1504, 1563; 2 Cyc. 974; Taylor v. Shew, 39 Cal. 536; Dowdell v. Carpy, 137 Cal. 338, 70 Pac. 167; Rogers v. Superior Court, 126 Cal. 183, 58 Pac. 452; Cook v. Rice, 91 Cal. 668, 27 Pac. 1081; Dore v. Southern Pacific Company, 163 Cal. 195, 124 Pac. 817.

The case of Taylor v. Shew, supra, was an action upon a judgment obtained in New York, from which an appeal had been taken without a supersedeas bond. The Supreme Court of California said:

"In the absence of any proof to the contrary, the presumption is that the effect of the alleged appeal by the laws of New York is the same as in this state; and in this state such appeal would not stay execution or proceedings for the collection of the amount of the judgment appealed from, pending the appeal, nor destroy or weaken the force and effect of the record of the judgment as evidence of the facts or matters necessarily determined thereby."

This opinion of the Supreme Court of California has never been reversed or criticized. It has been cited with approval in many jurisdictions, and the Supreme Court of California has approved it. The case is in conflict with the decision in Feeney v. Hinckley, supra, and the cases relied upon in that decision. To say that an action may be brought upon a judgment from which an appeal has been taken without a supersedeas bond, but that such judgment could not be introduced in evidence, would be a paradox. It would be keeping the word of promise to the ear and breaking it to the hope.

The matter, however, was before the Supreme Court of California in a more recent decision than Feeney v. Hinckley. In Dowdell v. Carpy, 137 Cal. 338, 70 Pac. 167, the court said:

"On the appeal taken from that judgment no bond staying execution had been filed, and, treating it as a deficiency judgment in accordance with the stipulation, there was, then, nothing to prevent an action being brought on such judgment at any time after it was rendered. Taylor v. Shew, 39 Cal. 536 [2 Am. Rep. 478]; Clark v. Child, 136 Mass. 344. The judgment was a proper basis for an action; and as it arose out of the same transaction and is connected with the subject of this action, it was clearly the proper basis for a counterclaim herein. Code Civ. Proc. § 438."

The judgment rendered in favor of the claimant was final, and created an absolute liability of the bankrupt. Notwithstanding the appeal from the judgment, it could not be reversed or modified. This is necessarily so because the judgment contained no error or infirmity upon which the Supreme Court could predicate a reversal or modification. The question is asked, however: How is this court to know whether or not it would be reversed or modified until the appeal is finally disposed of? That can be ascertained by an inspection of the record, or by postponing the matter until the Supreme Court acts. The referee pursued the latter course in this matter. This practice was approved in Bank of America v. Wheeler, 28 Conn. 433, 73 Am.

Dec. 683, Dawson v. Daniel, Fed. Cas. No. 3,668, and by the Supreme Court of California in Dore v. Southern Pacific Company, 163 Cal. 195, 124 Pac. 817.

The claim will be allowed.