## ADAMSON et al. v. BLACK ROCK POWER & IRRIGATION CO.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

No. 4727.

1. Appeal and error ⬅═323(2).

When interest of a defendant is separate from other defendants he may appeal without them.

2. Waters and water courses ⬅═153.

Water right is "real property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

3. Waters and water courses ⬅═26.

Rule that water right is real property applies to appropriators, at least since Act of July 26, 1866, c. 262, § 9, 14 Stat. 251 (Comp. St. § 4647).

4. Waters and water courses ⬅═154(1).

Rule that water right is real property applies to water received under contract with irrigation company.

5. Appeal and error ⬅═323(2)—Interests of defendants claiming water rights is several, and they need not all join in appeal.

Water rights being real property, each defendant in suit affecting their water rights has a several interest in water supply forming a part of or appurtenant to his land, and hence defendants need not all join in appeal from adverse decree.

Appeal from District Court of the United States for the Southern Division of the Eastern District of Washington; Stanley Webster, Judge.

Action by the Black Rock Power & Irrigation Company against W. R. Adamson and others. From the decree, defendants appeal. On motion of appellee to dismiss the appeal. Motion denied.

H. J. Snively, of Yakima, Wash., for appellants.

George Donworth, Elmer E. Todd, John C. Higgins, and Hyman Zettler, all of Seattle, Wash., for appellee.

Before HUNT and McCAMANT, Circuit Judges, and PARTRIDGE, District Judge.

PARTRIDGE, District Judge. [1] This is a motion to dismiss an appeal. The facts are fully set forth in the former opinion of this court, in Adamson v. Black Rock Power & Irrigation Co., 297 F. 905, by which the first decree was reversed. Upon the going down of the mandate, the district court entered another decree, from which the present appeal is prosecuted. The bill was against 357 defendants, and of that number 40 are now appealing. The ground of the motion

to dimiss is that all the parties to a judgment or decree must join in an appeal or writ of error, or be detached from the right by some proper proceeding. Dolan v. Jennings, 11 S. Ct. 584, 139 U. S. 385, 35 L. Ed. 217. But it is equally well settled that, when the interest of a defendant· is separate from that of other defendants, he may appeal without them. Winters v. United States, 28 S. Ct. 207, 207 U. S. 564, 52 L. Ed. 340.

[2] The very point raised by the assignments of error is that the interest of the defendants in the right to receive water is not defined and determined. In the former opinion of this court, it was said that the rights of defendants are "rights in water that are the subject of barter and sale and·of the dignity of estates in real property." That a water right is real property is well settled. Fudickar v. East Riverside Irrigation District, 41 P. 1024, 109 Cal. 29; Travelers', etc. Co. v. Childs, 54 P. 1020, 25 Colo. 360; Knowles v. New Sweden Irrigation District, 101 P. 81, 16 Idaho, 217; Rickey Land & Water Co. v. Miller & Lux, 152 F. 14, 81 C. C. A. 207.

[3, 4] This rule (at least since the act of Congress of July 26, 1866, c. 262, § 9, 14 Stat. 251 (Comp. St. § 4647) has been the rule as to appropriators. Sowards v. Meagher, 108 P. 1113, 37 Utah, 212. It has likewise been applied to water received under a contract with a company like this.

[5] In Graham v. Pasadena Land & Water Co., 93 P. 498, 152 Cal. 596, the Supreme Court of California said that "the right to receive water from the supply under the control of the defendant, is clearly appurtenant to the land of the plaintiff." If this is so, each defendant in this case has a several interest in the water supply, which is part and parcel, or at least appurtenant, to his land.

Let the motion to dismiss be denied.