[Civ. No. 15856.   First Dist., Div. Two.   May 10, 1954.]

FRANK H. BARBER, JR., et al., Appellants, v. LEWIS AND KAUFMAN, INC. (a Corporation) et al., Respondents.

Maurice L. Martin for Appellants.

Arthur H. Connolly, Jr., and Connolly & Cerini for Respondents.

KAUFMAN, J.—This is an appeal by plaintiffs and appellants from a judgment dismissing their shareholders' suit by reason of their failure to furnish security as required by an order of the trial court made pursuant to section 834 of the Corporations Code of the State of California.

This case presents a suit by certain minority stockholders of a California corporation to rescind a sale of substantially all of the assets of the corporation for a price exactly equivalent to the book value of the outstanding shares.

The defendant Lewis and Kaufman, Inc., is the selling corporation, the defendant Pacific Electronics Corporation is the buyer, the defendants Jack Kaufman, Eleanor M. Lewis, Alvin B. Campbell, and V. N. Lundy, are directors of the selling corporation, and the defendant Ray C. Wilcox is the president of the buying corporation.

The original complaint, praying for a rescission of the sale in question and a removal of the named directors of Lewis and Kaufman, Inc., makes no charge that the sale was made other than in full compliance with the provisions of section 3901, Corporations Code. The adopting of the appropriate resolutions by the board of directors and by the shareholders are all admitted.

The basic charge of the complaint appears to be that the sale is "fraudulent" because (a) the price is inadequate, and (b) stockholders Kaufman and Lewis became employed by Pacific Electronics and were given options to purchase a minority stock interest in Pacific Electronics for cash at the book value of such stock at such time as the options might be exercised.

The defendant Lewis and Kaufman, Inc., and the named directors of Lewis and Kaufman, Inc., filed a motion for an order requiring plaintiffs to furnish security pursuant

to section 834, Corporations Code, and based upon the affidavits and counteraffidavits on file, and the oral argument had, and the briefs submitted by respective counsel, the court below made its order granting the defendants' motion and requiring plaintiffs to furnish security in the amount of $5,000. Plaintiffs having failed to comply with this order within the time allowed, and as extended, a judgment of dismissal was duly entered.

The applicable provisions of section 834 are found in paragraph (b) thereof. They are as follows: Within 30 days after service of summons in a stockholders' derivative suit the corporation or any defendant may move for an order, on notice and hearing, requiring plaintiff to furnish security. The motion may be based on either of the following grounds: (1) that there is no reasonable probability that prosecution of the cause of action against the moving party will benefit the corporation or its security holders; (2) that the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity. At the hearing on the motion the court shall consider evidence material to the grounds of the motion and, when material, to a determination of the probable reasonable expenses, including attorney's fees, of the defense of the action. If the court determines that the moving party has established a probability in support of the grounds of the motion, it shall fix the amount and nature of security to be furnished by plaintiff for reasonable expenses, including expenses for which the corporation may become liable under section 830 of the Corporations Code. A determination as to the furnishing of security is not a determination of the merits of any issue in the action. "The corporation and the moving party shall have recourse to such security in such amount as the court shall determine upon the termination of such action." The amount of security must be reasonable and may be changed from time to time within the court's discretion. If the court requires that security be furnished as to any defendant, the action shall be dismissed as to such defendant unless the security has been furnished within a reasonable time fixed by the court.

Appellants contend that the trial court erred in ordering the motion to post security to be heard on the trial calendar rather than on the law and motion calendar. This contention is without merit. It was clearly within the trial

court's discretion to hear the motion on whatever calendar it chose, having in mind the over-all business of the court. The court's discretion in how it should operate and control its calendar is very broad and the record does not show an abuse of discretion. ▇ Furthermore, the appellants waived any alleged irregularity in this connection by submitting the motion on affidavits without objection.

▇ Appellants further contend that the issuance and service of the subpoena to take a deposition was quashed erroneously by the trial court. Section 834 of the Corporations Code provides in part as follows: "the prosecution of such action shall be stayed, until ten days after such motion shall have been disposed of." The question herein involved is whether the taking of a deposition is part of the prosecution of the action. In our opinion it is. The courts have held that the taking of a deposition is one of the proceedings of an action. (*Crocker* v. *Conrey*, 140 Cal. 213, 217 [73 P. 1006] ; *Gay* v. *Thorpe*, 1 Cal.App. 312 [82 P. 221].) To permit the taking of depositions before the determination by the court as to whether the security provided for by section 834 of the Corporations Code should be furnished would defeat the purposes of that section. One of the primary purposes of the section is to give the corporation security against groundless suits on the part of shareholders. To enforce the corporation to incur suit expense by appearing in deposition proceedings prior to the court's hearing and disposing of the motion to post security would do violence to the plain intent of the statute in question.

In *Melancon* v. *Superior Court*, 42 Cal.2d 698 at page 707 [268 P.2d 1050], wherein the same point was involved and urged the Supreme Court said: "Petitioner further urges that he is entitled to proceed with the depositions he seeks, in the course of preparing for the eventual trial of the derivative action, even though he has not as yet complied with the order for the posting of security. It seems clear, however, that the taking of depositions for such purpose would constitute a step in the 'prosecution' of the action and therefore falls within the stay provisions of section 834. (See *Ray Wong* v. *Earle C. Anthony, Inc.* (1926), 199 Cal. 15, 18 [247 P. 894], in which it is stated that 'The term "prosecution" is sufficiently comprehensive to include every step in an action from its commencement to its final determination.') It therefore appears that the court has properly refused to proceed

further with respect to the depositions until such time as petitioner may comply with the order respecting security.''

Appellants next contend that their motion for appointment of a receiver should have been granted. The record before us does not show any abuse of discretion in the denial of this motion on the merits. Trial courts have wide and broad discretion in appointment of receivers to take over the operation of a business. Furthermore, the proceeding to appoint a receiver was a step in the prosecution of the action and the motion was properly denied because no security had been posted nor had the motion to require security been determined.

Appellants' point that the court erred in refusing their motion to remove counsel is likewise without merit. This motion was prematurely made. The trial court was within its discretion in denying such a motion when there had been no decision on the main issue of posting security. Until the disposal of that issue by the trial court all other proceedings in the action were stayed.

The main issue on this appeal is whether there was any abuse of discretion on the part of the trial court in making its order requiring appellants to post a $5,000 bond pursuant to section 834 of the Corporations Code (see *Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11 [265 P.2d 1]).

The affidavits of the parties show that appellants sought to have a sale rescinded and force the majority of stockholders to continue the operation of the corporate business. Any fraud or concealment was negatived by respondents' affidavits. The general rule of law regarding a sale of corporation assets is, as stated in 6A California Jurisprudence 1326: ''So far as the rights of a nonassenting stockholder are concerned, he is bound by the action of the holders of the voting majority of stock consenting validly to the transfer proposed and the action of the directors in accordance therewith, in the absence of fraud in the transaction.'' (See *Graham* v. *Pasadena Land & Water Co.*, 152 Cal. 596 [93 P. 498].)

Respondents' affidavits prima facie indicate that they had a right to make the sale in question. This was believed by the trial court and was a sufficient basis to order that appellants give security to protect the corporation against loss in the event the suit turned out to be without merit. It was for the trial court to weigh the evidence and its

findings, based upon substantial conflicting evidence, is in this as in every civil case, binding upon the appellate court. (*Wood* v. *Gordon*, 112 Cal.App.2d 374 [246 P.2d 84].)

It is our view that the granting of the motion to require security was well within the discretion of the trial court and it did not deprive appellants of the right to proceed with their action after posting the security. Appellants failed and refused to post the security and the judgment dismissing their action followed in due course.

No prejudicial error appearing in the record before us, the judgment of dismissal must be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied June 9, 1954, and appellants' petition for a hearing by the Supreme Court was denied July 7, 1954. Carter, J., was of the opinion that the petition should be granted.