[No. 14436. In Bank. — October 2, 1891.]

JAMES H. BARRY, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CONTEMPT — FINAL JUDGMENT — NEW JUDGMENT — JURISDICTION. — After a final judgment has been rendered in a contempt proceeding, the court retains no jurisdiction to enter another and different judgment in the same matter, and its only authority thereafter is the power to enforce the original judgment according to its terms, so far as it is capable of enforcement.

ID. — FINE AND IMPRISONMENT — NEW PERSONAL JUDGMENT — EXCESS OF JURISDICTION — CERTIORARI. — A judgment that a person found guilty of contempt of court be imprisoned and pay a fine, and that if the fine be not paid at the end of the term of imprisonment, that the defendant be further imprisoned until the fine should be satisfied at the rate of one day for each two dollars of the fine unpaid, is a final judgment, and another judgment entered after the expiration of the first term of imprisonment for the amount of the fine, ordering the issuing of execution thereon, is in excess of the jurisdiction of the court, and will be annulled upon *certiorari.*

WRIT of *certiorari* to annul a judgment of the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* for Petitioner.

When the court below rendered its judgment on the 30th of September, 1889, it then lost jurisdiction of the

parties and of the subject-matter, and it had no power or authority to render or enter a new judgment, or to order execution to issue upon the old. (1 Freeman on Judgments, sec. 142; *Wright* v. *Le Claire*, 3 Iowa, 221.) The judgment was final and conclusive. (Code Civ. Proc., sec. 1222.) There was no action pending. (Code Civ. Proc., sec. 1049.) The court having rendered final judgment, and execution having been issued, the court had exercised and exhausted all the powers conferred upon it by law. (1 Black on Judgments, sec. 220.)

*William S. Barnes, J. A. Hosmer,* and *William M. Fitzmaurice,* for Respondent.

DE HAVEN, J. — On September 30, 1889, in the superior court of the city and county of San Francisco, it was adjudged that the petitioner here was guilty of a contempt of court, and that he be punished therefor by imprisonment in the county jail of said city and county for five days, and pay a fine of five hundred dollars, and if such fine was not paid at the end of said five days' imprisonment, that he be further imprisoned until said fine should be satisfied at the rate of one day for each two dollars of the fine unpaid.

On October 4, 1890, in department No. 8 of said superior court, on motion of the district attorney, another judgment was entered in the same proceeding for contempt, which, after reciting that the five days' term of imprisonment had expired, and that no part of the five hundred dollars had been paid, proceeded as follows: "It is therefore ordered that judgment be entered herein against said James H. Barry for five hundred dollars and costs, and that execution issue against said James H. Barry for five hundred dollars and costs, to the sheriff of the city and county of San Francisco.

"Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that judgment be and the same is hereby entered herein against said James H. Barry for the sum of five hundred

($500) dollars, with interest thereon at the rate of seven per cent per annum from the date hereof till paid."

This judgment was entered without any notice to the petitioner.

This is a proceeding upon *certiorari* to review the action of the court in rendering the last judgment, and our inquiry is confined to the single question whether in that the court exceeded its jurisdiction.

We are of the opinion that when the court rendered its judgment in the contempt proceeding on September 30, 1889, it did not retain jurisdiction to enter another and different judgment in the same matter on October 4, 1890. The first judgment was final, and the only authority of the court thereafter, in the matter concluded thereby, was the power to enforce the judgment according to its terms, so far as it was capable of enforcement.

The order and judgment of October 4, 1890, are annulled.

GAROUTTE, J., HARRISON, J., SHARPSTEIN, J., PATERSON, J., and BEATTY, C. J., concurred.