[No. 14569.   In Bank. — February 1, 1892.]

|  | |
|---|---|
| 93 | 139 |
| 110 | 51 |

## THE SEVENTY-SIX LAND AND WATER COMPANY, PETITIONER, *v.* THE SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

SPECIFIC PERFORMANCE— ACTION BY PURCHASER — EFFECT OF JUDGMENT — OPTION TO PURCHASE — FORFEITURE. — In an action by a purchaser to enforce a specific performance of a contract to convey land, a judgment decreeing that the land shall be conveyed by the vendor to the purchaser upon the payment by the purchaser, on or before a specified date, of the purchase-money, is a judicial determination of the existence and validity of the contract, and is, in substance and effect, a judgment for the specific performance of the contract, which can be enforced as such by proper proceedings, either by the vendor or purchaser, and does not merely give the purchaser the option to purchase the land on or before the date mentioned, and he does forfeit the right to enforce the judgment by a mere failure to tender the purchase-money within the time specified.

ID. — FORECLOSURE — CONSTRUCTION OF JUDGMENT — TIME NOT OF ESSENCE — DELAY CAPABLE OF COMPENSATION. — In such action the court may, if the vendor asks it, make a decree, as in the case of a strict foreclosure, that if the purchaser does not pay the purchase-money within such time as may be limited by the court for that purpose, he shall be barred of his right to insist upon a specific performance afterwards; but in the absence of an explicit direction to that effect in the judgment, it cannot be construed as giving to the vendor any such relief, and the rule that where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is due, is as applicable to such a judgment as to the contract upon which it is based.

ID. — ENFORCEMENT OF JUDGMENT — TIME FIXED FOR PERFORMANCE. — The mere fact that the judgment fixes the date when, according to the

contract to be enforced, the plaintiff was to make such payment does not make his right to the enforcement of the judgment depend upon payment by the day named.

Id. — Refusal to Convey — Contempt. — The willful refusal of a party to comply with the decree of a court of competent jurisdiction, directing him to execute a conveyance, constitutes a contempt of such court, and may be punished as such.

Id. — Construction of Code. — Under section 684 of the Code of Civil Procedure, the court may resort to proceedings in contempt for the purpose of enforcing obedience to a judgment which requires the execution of a conveyance by a party thereto.

Id. — Presumption upon Appeal — Extenuation of Contempt — Good Faith. — It will be conclusively presumed upon appeal from a judgment punishing a contempt that the trial court having jurisdiction in the proceedings properly considered all matters offered by the party in contempt, in defense or extenuation, or showing his good faith, and its judgment is conclusive, and must be affirmed.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*W. S. Goodfellow,* for Petitioner.

*Thompson & Thompson,* for Respondent.

De Haven, J. — This is a proceeding upon *certiorari* for the purpose of reviewing the action of the superior court of the county of Fresno in adjudging the petitioner guilty of contempt.

On February 21, 1890, that court, in an action therein pending for specific performance of an agreement to convey land, in which one Abbott was plaintiff, and the petitioner here the defendant, entered a judgment in favor of the plaintiff, Abbott, the material part of which is as follows: "It is hereby ordered, adjudged, and decreed that the plaintiff herein, O. L. Abbott, have judgment as prayed for herein against the defendant, the '76 Land and Water Company (a corporation), that as to all that certain tract or parcel of land situated in the said county of Fresno, . . . . described as follows, to wit, . . . . the said defendant, the '76 Land and Water Company (a corporation), is the trustee of said plaintiff, O. L.

Abbott, and, as such trustee, said defendant holds the legal title to said property in trust for plaintiff, the said legal title to be by defendant conveyed unto plaintiff by defendant on payment therefor as herein provided; that said plaintiff is the owner of the right to buy the said 320-acre parcel of land . . . . of and from defendant for the sum of four thousand eight hundred ($4,800) dollars, payable one fourth in cash and the remainder on or before the first day of October, A. D. 1890, with interest on the deferred payment, the remaining three fourths ($3,600), at the rate of eight per cent per annum, payable annually in advance, from October 1, A. D. 1887, . . . . and upon said payment of one fourth of the purchase price and interest on the balance thereof as above mentioned, . . . . and upon full payment of the balance, the remaining three fourths, to wit, ($3,600), and all accrued interest thereon, on or before the first day of October, A. D. 1890, defendant do make, execute, acknowledge, and deliver unto plaintiff a full and sufficient deed of grant and conveyance of all of said above-described 320-acre parcel of land."

The petitioner took an appeal from said judgment to this court, but the execution thereof, except as to costs, was not stayed by any undertaking, and upon January 3, 1891, the judgment was affirmed.

The amount named in the judgment, upon the payment of which the petitioner was thereby required to convey to plaintiff in that action the land described in the judgment, was not tendered to the petitioner until after January 3, 1891, and when so tendered, the petitioner refused to accept the same or make the conveyance directed by the judgment. It was for the refusal to make such conveyance, after the service upon it on June 9, 1891, of a certified copy of the judgment above set out, and the tender of the money therein required to be paid it upon the execution of such conveyance, that the petitioner was adjudged guilty of contempt of court.

1. It is claimed by the petitioner that the judgment in the action for specific performance only gave to the

plaintiff therein a mere option to purchase and pay for the land mentioned on or before October 1, 1890, which was lost to him by his failure to tender the purchase price therein named until after that date, and that the court was, for this reason, without jurisdiction to punish it for its refusal to make a conveyance upon the tender of payment made after that date. But in placing this construction upon that judgment, petitioner has entirely misconceived its scope and effect. On the contrary, it was a judicial determination of the existence and validity of the contract named in the complaint in that action, and is to be construed as being in substance and effect a judgment for the specific performance of that contract by the parties thereto, and could be enforced as such by either the plaintiff or the defendant in the action, upon a proper application to the court in which such judgment was rendered. (*Clark* v. *Hall*, 7 Paige, 382.)

The fact that the judgment fixes the date when, according to the contract to be enforced, the plaintiff was to make such payment does not make his right to the enforcement of such judgment depend upon payment by the day named.

In an action by a vendee to enforce specific performance of a contract to convey, the court may, if the vendor asks it, make a decree as in the case of a strict foreclosure, that if the vendee does not pay the purchase-money within such time as may be limited by the court for that purpose, he shall be barred of his right to insist upon a specific performance afterwards. (*Clark* v. *Hall*, 7 Paige, 382; *Connecticut* v. *Sheridan*, Clarke, 534.) But in the absence of an explicit declaration to that effect in the decree for specific performance, it cannot be construed as giving to the defendant any such relief, and the equitable rule embodied in section 1492 of the Civil Code, that " where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is

due," is as applicable to such a judgment as to the contract upon which it is based.

2. The affidavits upon which the petitioner was cited to appear before the superior court and show cause why he should not be punished for contempt were sufficient to give the court jurisdiction in that proceeding. There can be no doubt that the willful refusal of a party to comply with the decree of a court of competent jurisdiction, directing him to execute a conveyance, constitutes a contempt of such court, and may be punished as such. (Rapalje on Contempt, sec. 35.) And section 684 of the Code of Civil Procedure contemplates that the court may, if necessary, resort to proceedings in contempt for the purpose of enforcing obedience to a judgment which requires the execution of a conveyance by a party thereto.

3. It may be conceded that if the superior court had been satisfied that the defendant, in its refusal to make the conveyance, acted in good faith under the belief that the judgment had expired by its own limitation, and under the advice of counsel, it would have been a wise exercise of its discretion to have made the execution of the judgment for contempt conditional upon the failure of the petitioner to execute such conveyance within a reasonable time thereafter; but there is a conclusive presumption that the court properly considered all matters offered by the petitioner in defense or extenuation, and having jurisdiction in the proceeding, its judgment is conclusive, and must be affirmed.

Judgment affirmed.

McFarland, J., Garoutte, J., Sharpstein, J., and Paterson, J., concurred.

Harrison, J., being disqualified, did not participate in the foregoing opinion.

Rehearing denied.