[No. 14865.    Department One. — May 24, 1892.]

IN THE MATTER OF JAMES H. BARRY, IN CONTEMPT.

CONTEMPT — EXECUTION FOR FINE — MOTION TO QUASH — JUDGMENT AN-
NULLED BY CERTIORARI. — Where one found guilty of contempt of court
was sentenced to imprisonment, and at the end of the term to pay a fine,
with the alternative of imprisonment at a certain rate per day, and the
fine not having been paid, a second judgment was entered against him for
the fine, directing that execution issue therefor, and the second judgment
was afterward annulled by *certiorari*, the execution issued thereon neces-
sarily fell with the judgment itself, and a motion to quash the writ
should be granted.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a motion to quash a writ of execution.

The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* for Appellant.

*William M. Fitzmaurice,* and *E. F. Preston,* for Re-
spondent.

PATERSON, J.— The appellant was found guilty of contempt, and sentenced to serve a term of five days in the county jail, and at the end of said term to pay a fine of five hundred dollars, with the usual alternative of imprisonment at the rate of two dollars per day. Thereafter, it appearing to the court that the term of imprisonment had expired, and that no part of the fine had been paid, a judgment was entered against Barry for five hundred dollars and costs, and directing that execution issue therefor. A motion was made in the court below to quash the writ; the motion was denied, and this is an appeal from the order.

The second judgment referred to was annulled here in an original proceeding by *certiorari*. (*Barry* v. *Superior Court*, 91 Cal. 486.) In the opinion therein filed we said: " The first judgment was final, and the only authority of the court thereafter, in the matter concluded thereby, was the power to enforce the judgment according to its terms, so far as it was capable of enforcement."

The only portion of the judgment capable of enforcement *according to its terms* was the term of imprisonment. Whether an execution could be issued on the first judgment we are not called upon to determine. It is clear that the execution issued upon the second judgment fell with the judgment itself.

Order reversed.

HARRISON, J., and GAROUTTE, J., concurred.