[Crim. No. 1709. Second Appellate District, Division Two.—August 10, 1928.]

In the Matter of the Application of JOSEPH MOORE for a Writ of Habeas Corpus.

Paul W. Schenck and Leo V. Silverstein for Petitioner.

Asa Keyes, District Attorney, and Tracy Chatfield Becker and A. H. Van Cott, Deputy District Attorneys, for Respondent.

CRAIG, J.—██] The following statement of facts will be taken as a basis for the decision: The trial of a case entitled *People* v. *Albori* was in progress. The petitioner herein was called as a witness and was sworn to testify. As his examination progressed he refused to answer some of the questions upon the ground that to do so might tend to incriminate him. Upon such objection being made to answering certain of the questions, the court informed the witness that he need not answer; as to others the court directed that an answer be given. The witness in each instance complied with the ruling thus made. Finally the examination proceeded as follows:

"Q. By the Court: Where have you been since June 27th? A. I refuse to answer. Q. Where were you when this subpoena was served on you? A. I was—I refuse to answer. Q. Who served the subpoena on you, do you know? A. I refuse to answer."

Whereupon the court said:

"Well, for your refusal to answer these last three questions you are judged guilty of contempt and sentenced to jail for five days. Prepare a commitment, please, Mr. Yorba. Mr. Bailiff, you take this witness into custody."

We think the court was in error. The gist of the contempt is the contumacious intent as well as the conduct of the party. The procedure which it had followed justified the witness in believing that upon his refusal to answer any question on the ground stated by him the court would rule

as to whether or not he must answer, and that this opportunity would be given for compliance with the court's order before he would be adjudged guilty of contempt for refusing.

Again, we think the witness was well within his rights in refusing to answer the question, "Where have you been since June 27th?" on the ground that it might tend to incriminate him. It is easily conceivable that if he was a participant in the difficulty which formed the subject matter of the case on trial, his actions subsequently thereto might tend to incriminate him. As to the other two questions, they were immaterial, and a witness may only be held in contempt for refusal to answer questions which are pertinent to the matter in issue. (Code Civ. Proc., sec. 2065.)

Another issue was argued by counsel involving the question of the right of the court to issue a second commitment. This, we think, was beyond the jurisdiction of the court. (*Barry* v. *Superior Court,* 91 Cal. 486 [27 Pac. 763]; *In re Barry,* 94 Cal. 562 [29 Pac. 1109].)

The writ is granted and the petitioner is discharged.

Works, P. J., and Hazlett, J., *pro tem.,* concurred.