[Crim. No. 2530.   Second Appellate District, Division Two.—May 24, 1934.]

In the Matter of the Application of R. C. W. FRIDAY for a Writ of Habeas Corpus.

R. C. W. Friday, *in pro. per.*, Ira A. Gwin and George Lester for Petitioner.

Everett W. Mattoon, County Counsel, and Earl O. Lippold, Deputy County Counsel, for Respondent.

STEPHENS, P. J.—An action was pending in the superior court in which a motion was filed by the plaintiff, through her attorney, the petitioner herein, R. C. W. Friday. The motion was presented and submitted to Honorable William S. Baird, judge of said court, on March 7, 1934, and thereafter said judge denied the relief asked for, to wit, attorney's fees, court costs, support and maintenance *pendente lite*.

On the 16th of March, 1934, said Friday, in his capacity of attorney at law for plaintiff, filed with the clerk of the superior court certain "exceptions and objections" to the said ruling and the following language was then used therein: " . . . and by irregularity of allowing opposing Counsel, Wm. M. Morse, Jr., thereafter, and on March 7th, 1934, some five or more minutes prior to calling within matter, . . . of said February 7th, 1934, Order to Show Cause, at about 2:00 p. m. of said March 7th, 1934, allowed

Wm. M. Morse, Jr., unethically to visit said Judge presiding in said Department -10-, privately and personally in Chambers; which conduct of the court, and of opposing counsel, is hereby designated in good faith, and on record herein, as Misconduct of the Court and learned Counsel in arriving at decision herein, and/or Order Denying Attorney Fees, Etc., herein which does amount to abuse of discretion by the Hon. Court by which plaintiff was prevented from having a fair trial.''

Subsequently, and on March 27, 1934, petitioner Friday was in court presenting a motion in the same case before the same judge and at the conclusion of the proceedings the judge summarily charged the said Friday with contempt of court and ordered him to show cause, if any he had, why he should not be found guilty of and be punished for contempt of court because of the use of the above-quoted part of the ''exceptions and objections''. Friday objected thereto, claiming that he had a right to have written charges made before trial and that he had a right to time to prepare therefor and that if the matter constituted contempt, such contempt was not direct and was not committed in the presence of the court. Such objections were overruled and the court proceeded. The said Friday did not show cause why he should not be found guilty of or why he should not be punished for contempt of court. The evidence established without conflict that the attorney who went into the judge's chambers went in upon the suggestion of the court's bailiff to get an advance sheet of a California court decision, for use in the courtroom, and that he did not communicate, or attempt to communicate, with the judge while in his chambers in any manner except to state his mission. The judge was busy on some other matter in conference with another man and merely gave his consent to the attorney to get the advance sheet. Petitioner claimed and still claims that he used the language objected to in good faith. At the conclusion of the hearing the court found Friday in contempt of court and pronounced judgment therefor of $200 fine· or one day's imprisonment for every $2 thereof. Petitioner now sues out this writ for relief.

The filing by an attorney of a document containing contemptuous language with the clerk of the court in which a related matter is pending is a contempt in the face of the

court and proceedings to initiate a hearing in contempt therefor do not require the filing of an accusatory affidavit and may be summarily tried. (Sec. 1211, Code Civ. Proc.; *Lamberson* v. *Superior Court*, 151 Cal. 458 [91 Pac. 100, 11 L. R. A. (N. S.) 619]; *Blodgett* v. *Superior Court*, 210 Cal. 1 [290 Pac. 293, 72 A. L. R. 482].)

Upon *habeas corpus,* courts of appeal will look to the whole record, including the evidence where necessary to determine jurisdiction. (*In re Lake,* 65 Cal. App. 420 [224 Pac. 126].)

The unquestionable intent of the language used by petitioner was that the judge and the attorney for one of the parties, to a matter about to be heard by the judge, secretly consulted in regard to the merits of the matter. An accusation of such an act by an attorney, an officer of the court, is obviously most serious.

The proceedings disclose that the attorney had absolutely no other basis for his charges than the mere fact that the opposing attorney was seen to go into the judge's chambers and out again in but a few minutes. The mission there was proper and at the suggestion of the court's bailiff, who accompanied him. Nothing occurred in the judge's chambers that could be prejudicial to anybody or in the remotest way suspicious of any wrongdoing.

The judge of a court is well within his rights in protecting his own reputation from groundless attacks upon his judicial integrity and it is his bounden duty to protect the integrity of his court. The judge in this case has served the people for more than a quarter of a century with honor and distinction, rising through promotions to the highest trial court of the state, where he was presiding at the time of the instant proceedings.

The act of the petitioner was a flagrant contempt of the court of which he was an officer and is not excused by the mere assertion that his act was in good faith. Good faith to a client and good faith to a court can never be exemplified by reckless and scandalous charges, not even based upon logical suspicion.

We do not desire to be misunderstood by this opinion. We think it is practically the unanimous opinion of the authorities that summary punishment for contempt of court should be kept down to the irreducible minimum con-

sistent with the welfare of the courts. The summary proceeding is an arbitrary one and should never be used unless unquestionably required, but when so required should be used with courage. ██ While the judgment is not erroneously excessive, the matter of modification lies exclusively in the sound discretion of the trial judge.

The writ is discharged and petitioner remanded.

Craig, J., and Desmond, J., concurred.