[L. A. No. 21821. In Bank. Mar. 3, 1952.]

JOHN B. LEONIS, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent.

Edward R. Young, John F. O'Hara, John W. Shenk, III, and E. L. Searle for Petitioner.

Fred N. Howser and Edmund G. Brown, Attorneys General, and Bayard Rhone, Deputy Attorney General, for Respondent.

SCHAUER, J.—John B. Leonis was one of the councilmen of the city of Vernon who were found guilty of contempt in the proceeding reviewed in *City of Vernon* v. *Superior Court, ante,* p. 509 [241 P.2d 243]. After the judgment of contempt was rendered he appeared specially by counsel E. L. Searle and moved to set aside the contempt judgment as to him on the ground that the trial court had not acquired jurisdiction over his person. The trial court denied this motion. By petition for review Leonis now attacks both the order denying his motion and the contempt judgment. We have concluded that the order and judgment are valid.

The order to show cause in the contempt proceeding was issued on December 5, 1949; it directed that a copy of the affidavit charging contempt and a copy of the order be served on the councilmen at least five days before the date set for hearing. Leonis was not served within the prescribed time or at all. He did not conceal himself to avoid service. He refused to sign and verify the answering affidavit, which was signed and verified by the four other councilmen. He never appeared personally at the contempt proceeding. Respondent court held that it nevertheless had jurisdiction to find Leonis in contempt because he authorized Attorney Edward R. Young (who also represented Vernon and the four other councilmen) to, and Mr. Young did, appear for him in the contempt proceeding. Leonis disputes Young's authority and the facts upon which the trial court resolved the issue are therefore pertinent.

On December 6, 1949, a deputy city clerk of Vernon telephoned Mr. Young and told him that the affidavit and order to show cause had been served on Vernon and the members of the city council and that the members of the city council had asked Mr. Young to represent them and the city in the contempt proceeding. Mr. Leonis had attended no meetings of the city council since January 3, 1949, and had been on leave of absence from the council since February 15, 1949,

and there is no direct evidence that he authorized the other members of the council to employ Mr. Young on his behalf. There is evidence that Leonis knew that Mr. Young believed that he was employed to represent Leonis as well as the other Vernon council members; that he knew that Mr. Young, pursuant to his belief, was appearing in behalf of Leonis as well as the others, and that with such knowledge Leonis remained silent and did not disavow such representation, or Young's authority, until after the citees had been found guilty.

On December 28, 1949, Mr. Young informed the court and opposing counsel that he appeared on behalf of Mr. Leonis; that because of illness Leonis would not be present at the contempt hearing; and that it would not be necessary to serve him. On January 5, 1950, Mr. Young caused the answer which he had prepared, and which contained lines for the signatures of all five members of the city council, to be signed and verified by the four members other than Leonis. As stated, Leonis refused to sign and verify the answer.

The contempt proceeding was heard and on January 12 the court found all the citees guilty of contempt. It set January 16 as the date for pronouncing sentence and told Young that Leonis should be present at that time. Mr. Young said, "I will do the best I can, your Honor. I cannot do it if he won't come. I can't carry him," and the court replied, "If he won't come we will then have to take such steps as the law provides for requiring his appearance here in court. He should be here at the time sentence is imposed if possible." On January 16 Mr. Young advised the court that Leonis had told him that because of his physical condition he could not be present; the court then pronounced sentence.

On January 17, five days after the conclusion of the hearing and after the citees had been found guilty, Mr. Leonis wrote to Mr. Young that Young was not to represent him in any capacity in the proceeding. On January 24 the judgment of contempt was signed and entered. On January 26 the special appearance through new counsel and notice of motion to set aside the judgment as to Leonis were filed.

Mr. Young had represented Mr. Leonis, the other members of the city council and Vernon in the injunction proceedings, and had been Leonis' personal attorney for 20 years. Never before had Young appeared for Leonis or filed a pleading for him without having been given express authority. Mr. Young did not request, but believed he had been given, authority to represent Leonis in the contempt proceeding.

Affidavits of Mr. Young and Mr. Leonis are somewhat in conflict as to whether Young fully advised Leonis of the pending contempt proceeding and as to whether Leonis instructed Young not to file the answer on Leonis' behalf. On the hearing of the motion to set aside the contempt judgment the trial court read these affidavits and concluded that "It is perfectly apparent that he [Mr. Leonis] knew that Mr. Young was representing him and purported to represent him. At no time, the Court is satisfied, did he say to Mr. Young or indicate to Mr. Young that Mr. Young was not to represent him in this proceeding; not to compile any documents. . . . It is true that by itself the fact that Mr. Young was the attorney of record for the defendant in the main case did not give him, according to this Court's opinion, the authority to represent and file an appearance on behalf of Mr. Leonis in this contempt proceeding. . . . He did that which he had every reason to believe he was justified in doing and was proceeding for the benefit of this contemner as well as the other contemners in the proceeding."

The above related conclusions of the trial court are amply supported by the record, only brief excerpts from which need be mentioned. The trial court was entitled to believe the averments of Mr. Young that he advised Leonis of the institution and progress of the contempt proceeding, that he further "advised said John B. Leonis that in his [Young's] opinion it would be unnecessary for him [Leonis] to appear as long as he was represented by counsel"; that Leonis did not forbid Mr. Young to file the answer; that he (Young) requested Leonis to sign and verify the answer and that Leonis "then informed affiant [Young] that he was sick and under the care of his physician and that he would not sign said answer, giving no other reason than that he was sick and was under the care of his physician." Leonis' conduct seems to have been calculated to encourage Mr. Young to represent him and to take full advantage of Mr. Young's services in the event that success attended them but to disavow them in the event of loss. There is no room for doubt that Leonis was fully informed as to the pendency and nature of the proceedings and as to Mr. Young's appearance in good faith for him. In the circumstances Leonis, if he were not to be bound, should have expressly directed Young not to enter his appearance or represent him; instead he refrained from any such suggestion, knowing that Young believed he had authority and was proceeding on that belief.

There is no question as to the complete good faith of Mr. Young, and the question of his authority, insofar as it appears to be one of fact, has been determined against Leonis and is fully supported by the evidence.

There is a further question whether personal service on Leonis was a jurisdictional requirement which could not be waived by Leonis' appearance through counsel and defense on the merits. ■ For the purpose of jurisdiction in a civil action "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." (Code Civ. Proc., § 416.) Section 416 does not control in contempt proceedings, which, according to their position in the code (Title III of the Code of Civil Procedure), would seem to be "Special Proceedings of a Civil Nature," but which, by reason of their inherent aspects, have been held to be "special proceedings of a criminal character" (*Bridges* v. *Superior Court* (1939), 14 Cal. 2d 464, 477 [94 P.2d 983], reversed on other grounds, 314 U.S. 252 [62 S.Ct. 190, 86 L.Ed. 192]). ■ No good reason appears why the principle and purpose enunciated in section 416 for civil actions should not be applied here. This view is supported by *Foley* v. *Foley* (1898), 120 Cal. 33, 39 [52 P. 122, 65 Am.St.Rep. 147], where the contemnor contended that he could not be punished for contempt because he was not served personally. The court pointed out that he "appeared by his counsel in answer to the order to show cause, and submitted evidence upon the merits of the application, and resisted the same without objection to the want of personal service," and said, "This of itself was sufficient to give the court jurisdiction over him." We apply that principle here. (It is noted that the decision in the Foley case went in favor of the contemnor on other grounds.)

■ Petitioner presents a certificate of the city clerk of Vernon which shows that his term of office expired while this proceeding to review the contempt commitment has been pending. Therefore, he says, the portion of the commitment which requires his imprisonment until he, as city councilman, complies with the injunction should be annulled. This is a matter to be presented to the trial court; it is to be presumed that proper action there will ensue; it does not go to the validity of the contempt judgment as of the time it was rendered, which is the matter subject to review.

The remaining contentions of petitioner are answered adversely to him by our decisions in *City of Vernon* v. *Superior*

*Court, ante,* p. 509 [241 P.2d 243] and *City of Culver City* v. *Superior Court, post,* p. 535 [241 P.2d 258].

For the reasons above stated the order and judgment are affirmed.

Gibson, C. J., Traynor, J., Spence, J., and McComb, J. pro tem., concurred.

EDMONDS, J.—I concur in the judgment affirming the order denying the motion to set aside the judgment of contempt. Also, for the reasons stated in my concurring and dissenting opinion in *City of Vernon* v. *Superior Court, ante,* p. 520 [241 P.2d 243], I join in the conclusion that the petitioner was guilty of contempt. However, aside from any question arising from the change in the petitioner's official status, I believe that, while still a member of the city council, he made all "arrangements" required by the injunction, although not within the time prescribed by it.

I would, therefore, modify the judgment by striking therefrom the order of continuing imprisonment.

CARTER, J.—I dissent.

I adopt that portion of the opinion of the District Court of Appeal, Second District, Division One, which refers to the lack of service on John B. Leonis, as part of my dissent in this case.

"It appears as recited in the petition for writ of review, that John B. Leonis, a member of the City Council of Vernon, had been seriously ill for some two years, had not attended any meetings of the Council since January 3, 1949, and had been on a leave of absence because of such illness. The contempt order to show cause was issued on December 5, 1949, and ordered Leonis and the other citees to appear before Judge Vickers on January 3, 1950. This order required that 'a copy of said Affidavit and of this Order be served upon the person specifically named . . . at least five days before the date of said hearing.' It is conceded that there was no such service on the petitioner Leonis at any time.

"According to the respondent's brief, 'On December 28, 1949, there was a conference in the chambers of the judge (Vickers). . . . It was then reported that all persons except John B. Leonis had been served. Thereupon, Edward R. Young stipulated that he was authorized to represent John B. Leonis and that it would not be necessary to make service upon him and that he would appear for the said John B.

Leonis . . . without the necessity of serving him. . . .' Attorney Young 'also stated to the court that he would have John B. Leonis present in the court on January 3, 1950, unless the physical condition of John B. Leonis was such that he could not be present.' Petitioner did not attend the trial held on January 10th and 11th, 1950, at which time Leonis and the other defendants were found guilty of contempt.

"On January 5, 1950, Attorney Edward R. Young, representing the city of Vernon, caused to be presented to petitioner Leonis an answer for the latter's signature. Leonis twice refused to sign the answer; nevertheless Attorney Young filed said answer in behalf of Leonis, the other four councilmen having signed it. Affidavits and counteraffidavits appear of record in reference to the attorney's authority to appear for petitioner; Mr. Young stated to the court, however, 'I will admit I never requested authority.' In reference to this matter respondent's brief lays some stress on the fact, commented on by Judge Vickers, that 'Mr. Young had represented Mr. Leonis as a member of the City Council for some several years.' The affidavits are in conflict as to whether Attorney Young was definitely instructed not to represent the petitioner.

"After the judgment of contempt was entered on January 11, 1950, a registered letter dated January 17, 1950, was sent by Leonis to Attorney Young instructing the latter not to represent petitioner in any capacity. To this Young responded by a letter advising Leonis of the judgment of contempt 'of which I have already advised you by telephone.' On January 26, 1950, petitioner filed a notice of special appearance and motion to vacate the contempt judgment, which motion was denied, the trial judge expressing disbelief in the assertions contained in petitioner's affidavit.

"It can hardly be questioned that a judgment imposing a jail sentence and fine for alleged contempt of court must be preceded by the certain preliminary steps in due compliance with law, and with proper consideration for the rights of the accused person. ' Whatever academic distinctions may be attempted between the criminal and civil aspects of contempt proceedings in general, the present proceeding in its practical application is essentially criminal or at the least quasi-criminal in nature.

"The well known constitutional guarantees of due process are particularly applicable and cannot be dispensed with. Certainly in this respect there can be no difference whether

the defendant is charged as a private individual or, as in the present case, for alleged dereliction as a member of a city council. In any and all cases such a defendant is entitled to stand upon the constitutional guarantees and to insist upon compliance with the law in reference to service of process and representation in court. Such matters are too serious and too far reaching in effect to justify cursory treatment. The validity of such a judgment must not depend upon supposition or conjecture.

"In the instant case it is conceded that John B. Leonis was not served with the order to show cause *in re* contempt, although, as noted in petitioner's brief, 'there is no contention that Mr. Leonis was either concealing himself to avoid service . . . nor that Mr. Leonis was not a resident of California.' Petitioner was indeed, as stated to the court by Attorney Young, sick at home, and would 'have to be brought up in a wheel chair . . . his physical condition is such that it makes it very difficult for him to get around, not only by reason of having had a leg amputated, but also because of age.' Petitioner could hardly have accepted service of process even if so inclined.

"Since the first and fundamental step of service of process as required by the order to show cause was entirely omitted, it then became incumbent on the trial court to be assured of personal jurisdiction over this particular defendant before proceeding to pronounce a judgment imposing fine and imprisonment. This was not done. All that was done towards this end, according to the record, was to accept an attorney's oral 'stipulation' that petitioner along with other defendants was represented by such attorney, and that it would therefore not be necessary to serve petitioner. In this connection it may be noted that petitioner's associates, the other four councilmen, had been served with process. No explanation as to why John B. Leonis was not also served as specifically required by the order, has been offered."

Insofar as the merits of the case, are concerned, I feel that aside from the lack of service of process so far as Mr. Leonis is concerned, the judgment of contempt should be annulled for the reasons set forth in my dissenting opinion in *City of Vernon* v. *Superior Court, ante,* p. 522.

Petitioner's application for a rehearing was denied April 2, 1952. Carter, J., was of the opinion that the application should be granted.