[L. A. No. 22310.   In Bank.   Nov. 21, 1952.]

CITY OF VERNON et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Carson B. Hubbard, City Attorney, Edward R. Young, John F. O'Hara and John W. Shenk III, for Petitioners.

Edmund G. Brown, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

SCHAUER, J.—This is a proceeding to review an order of the Los Angeles superior court which denied a motion to remit previously ordered punishment for contempt of that court. We have concluded that the punishment should be remitted.

In a suit by the State of California against municipal corporations which discharged their sewage through the Los Angeles sewage system into Santa Monica Bay, thus creating a nuisance, it was ordered, in material part, that the corporations and their officers "arrange" for payment to Los Angeles of the respective corporations' shares of the cost of a new disposal plant to be built by Los Angeles. (*People* v. *City of Los Angeles* (1948), 83 Cal.App.2d 627 [189 P.2d 489]; hearing denied; certiorari denied, 335 U.S. 852 [69 S. Ct. 80, 93 L.Ed. 400].) The city of Vernon and its then councilmen, petitioners in this proceeding, did not within the time limited comply with the mandatory injunction; instead they continued, under the advice of their counsel, to seek by legal procedures to avoid compliance with the injunction. The trial court ordered that each of them pay a fine; that the councilmen be confined in the county jail for five days; and that they further be confined in jail until they arranged the ordered financing.

The cities and their councilmen sought review of the contempt orders. We affirmed the orders, but said, "The conduct of the petitioning councilmen which was found contemptuous was not the conduct of private individuals but that of public officials protecting the interests of the municipality which they were elected to serve, acting under the advice of counsel; and since the making of the contempt order they have fully complied with the requirements of the injunction. The argument is made on behalf of petitioners that by reason of those facts the punishment of the individual petitioners by fine and imprisonment is so extreme as to be beyond the range of proper judicial discretion. Such argument, however, is not a proper one to address to this court at this time. It includes facts not all of which were before the trial court at the time of the proceedings under review. Our power on review on the present record is limited, by section 1074 of the Code of Civil Procedure, to a determination 'whether the inferior tribunal . . . has regularly pursued the authority of

such tribunal,' and the reasonableness of the punishment cannot be passed upon in these review proceedings [citation]. The trial court, however, . . . may remit the unexecuted provision of the judgment that petitioners personally be punished for contempt. The argument based on the mitigating circumstances above mentioned may in all propriety be addressed to that court, and it is to be presumed that it will take into consideration such mitigating circumstances and make an order appropriate in the premises." (*City of Vernon* v. *Superior Court* (1952), 38 Cal.2d 509, 519-520 [241 P.2d 243]; see, also, *Leonis* v. *Superior Court* (1952), 38 Cal. 2d 527 [241 P.2d 253]; *City of Culver City* v. *Superior Court* (1952), 38 Cal.2d 535 [241 P.2d 258].)

Petitioners moved the trial court for an order remitting the contempt judgments and sentences. Testimony, stipulations, and argument as to the above mentioned mitigating circumstances were presented. As to its previous orders that the individual petitioners be imprisoned until they complied with certain provisions of the injunction in *People* v. *City of Los Angeles* (1948), *supra,* 83 Cal.App.2d 627, it was unquestioned, and the trial court necessarily determined, that those provisions of the injunction had been complied with by such petitioners without their imprisonment and it ordered that that portion of the commitments be not enforced. But notwithstanding the circumstances it refused to remit the portions of the commitments which provided for fine and imprisonment as punishment, and the present proceeding followed. It is, of course, a new proceeding upon a new record.

The trial court based its refusal to remit the punishment upon the following view: "[P]ractically nothing was done by these particular contemnors prior to the time that they were found guilty of contempt and sentenced. . . . It has been urged that they were doing their duty to their cities and they were willing to do whatever was necessary, but the fact remains that if they did so state it was merely lip service and, as a matter of fact, they did practically nothing. . . . I failed to hear them urge anything in mitigation that has been done by the parties . . . except that which they were finally compelled to do, and nothing more than should have been done long years before. . . . [At the hearing on the motions to remit, there was] practically nothing brought to the attention of the Court that had not been brought to its attention at the time it found the contemnors guilty and sen-

tenced them for contempt. If the Court had granted the motions in toto it would have been in substance a notice to City Councilmen that they could fail to comply with a court's order in a matter of this character and probably escape punishment, even though they permitted years to elapse from the time of the original judgment, and a long period of time to elapse after the contempt order and sentence. . . . They cannot hide back of the skirts of their attorneys.''

Petitioners take issue with the quoted statement of the trial court substantially in its entirety and urge that their contempt, if any, was not, as the trial court indicated, flagrant and deliberate. They contend that under section 1075 of the Code of Civil Procedure this court in the instant proceeding may remit the portions of the commitments which impose punishment. That section provides in material part that, after hearing on petition for writ of review, the court may ''give judgment, either affirming or annulling, or modifying the proceedings below.''

■ The attorney general contends that this court is without jurisdiction to review the reasonableness of the order denying the motion to remit punishment. He urges that our power is limited by the rule that, in reviewing an order which imposes punishment for contempt, we cannot inquire into the reasonableness of punishment which is within statutorily authorized limits. (See *Ex parte Ah Men* (1888), 77 Cal. 198, 203 [19 P. 380, 11 Am.St.Rep. 263]; *Seventy-Six Land & Water Co.* v. *Superior Court* (1892), 93 Cal. 139, 143 [28 P. 813]; *Crocker* v. *Conrey* (1903), 140 Cal. 213, 218 [73 P. 1006]; *People* v. *Latimer* (1911), 160 Cal. 716, 720 [117 P. 1051]; *Lindsley* v. *Superior Court* (1926), 76 Cal.App. 419, 433-434 [245 P. 212]; *In re Carboni* (1941), 46 Cal.App.2d 605, 614 [116 P.2d 453].) However, as previously stated, this is not such a proceeding.

■ The then councilmen of the city, when they refrained from obeying the mandatory injunction, were acting as public officials, pursuant to advice of counsel, in performance of what they believed to be their duty to the city. The basic question whether they were violating the injunction was still in dispute until our decisions in the Vernon, Leonis, and Culver City cases, *supra*. Until those decisions were rendered petitioners could not know that independent litigation instituted by them against the city of Los Angeles was not sufficient compliance with the injunction in *People* v. *City of Los Angeles, supra*. Petitioners not only had a right to pursue (of

course, only in good faith) every legal remedy apparently available to them but, as public officers, charged with the administration of a trust, they may well have felt bound to pursue the remedies unto which counsel advised them.

The fact that there was disagreement among the members of this court as to whether petitioners had made the "arrangements" required by the mandatory injunction (see opinions of Justice Edmonds dissenting in part and concurring in part in the Vernon, Leonis, and Culver City cases, pp. 520, 532, and 542 of 38 Cal.2d; see, also, dissents of Justice Carter, pp. 522, 532, and 542 of 38 Cal.2d) indicates that petitioners were not frivolously flouting the commands of the superior court, and the fact that petitioners immediately completed, and apparently must have previously prepared to make, those "arrangements" when this court decided that they were in contempt seems to conclusively confirm their lack of deliberately contemptuous conduct. The trial court in the present proceeding has, in effect, quite obviously determined that it is not necessary to punish petitioners in order to secure performance of the injunction, for it has determined that they have performed. The punishment which is left, then (which is the maximum for any contempt), is for pursuing in good faith what they were advised by counsel and believed were legal remedies available to the councilmen and to the city which they represented. In these circumstances we are of the opinion that it was a manifest abuse of discretion of the trial court to refuse to remit the punishment of the individual petitioners and the municipal corporation which could act only through the individual petitioners.

■ The attorney general urges that the trial court is without jurisdiction to remit the punishment of petitioner John B. Leonis because he was actually committed to jail and remained there for a short time. In support of this contention the attorney general cites *Barry* v. *Superior Court* (1891), 91 Cal. 486, 488 [27 P. 763], and *People* v. *McAllister* (1940), 15 Cal. 2d 519, 526 [102 P.2d 1072]. (See, also, *In re Barry* (1892), 94 Cal. 562 [29 P. 1109]; *In re Moore* (1928), 93 Cal.App. 488, 490 [269 P. 664].) These cases are not controlling here. The McAllister case affirmed an order denying a motion to modify a final judgment of conviction of crime. The Barry and Moore cases do not concern remission of punishment but, rather, take the position that a trial court, after it has issued one commitment in a contempt proceeding, is without power

to issue a second and different commitment therein for the same contempt.

For the reasons above stated, the order under review is modified to remit the previously ordered punishment.

Gibson, C. J., Traynor, J., Spence, J., and McComb, J. pro tem., concurred. Shenk, J., being disqualified, did not participate.

CARTER, J.—I concur in the result; that is, that all punishment imposed by the contempt judgment be remitted. But I do not agree with the reasoning upon which the conclusion is based.

This court having concluded that the injunction in this case was sufficiently certain to justify an adjudication for contempt (*City of Vernon* v. *Superior Court,* 38 Cal.2d 509 [241 P.2d 243]), and thus affirmed that adjudication, now tortures the law by saying that the trial court abused its discretion in refusing to vacate and remit the punishment imposed for the contempt. That is to say : This court held in the prior proceeding that the judgment of contempt was proper but in this proceeding it holds that although proper, *no punishment should be imposed for the contempt;* that although there was no justification for the contemptuous conduct of petitioners which resulted in the contempt judgment, no punishment for that contempt can be imposed as a matter of law. I concur in the result reached here because it is the same as reached in my dissent in the former proceeding on the ground that the contempt judgment was not proper. Assuming, however, that the majority was correct in its former decision in this case, it is not possible now to achieve the result here reached without ignoring settled rules of law.

Hence, assuming that the injunction was sufficiently certain to justify the judgment of contempt, the following appears. In the former case the trial court rendered judgment finding the councilmen guilty of contempt. That judgment was affirmed by this court holding, in addition to finding the injunction certain, that it was immaterial that there was no finding that the councilmen intended to violate the injunction; that it was enough if they knew of the injunction and were able to obey it but did not do so; that from those circumstances the trial court could infer that their inaction was intentional; that it is no justification for the violation of the injunction that it was done on advice of counsel; that the affirmance of the injunction judgment by the District Court

of Appeal (*People* v. *City of Los Angeles*, 83 Cal.App.2d 627 [189 P.2d 489].) "conclusively" established that the bringing of actions on the old contracts was not in compliance with the injunction; and finally, that the issue of the nature of the punishment imposed could not be reviewed on a review of the judgment of contempt, but a motion to remit the punishment could be made in the trial court, the payment of the fines and serving the jail sentences having been stayed by this court pending the review of the contempt judgment.

The motion for remission of the punishment was made in the trial court and was denied. Now this court holds on a review of the denial by certiorari (which tests jurisdiction only) that the trial court abused its discretion in refusing to vacate and remit the punishment; that it had no basis for refusing to vacate or remit the punishment imposed for acts which had been committed in the past. On the identical facts which were held *not* to affect adversely the contempt judgment in the former proceeding, that is, advice of counsel, commencing actions on the old contracts as a purported compliance with the injunction, lack of specific intent to violate the injunction etc., this court now holds that the entire punishment for the contempt judgment must be vacated or "remitted." That startling conclusion is reached and the authorities are brushed aside by the empty device of saying that this is a different proceeding. It may be, but the same issues are present here. If the councilmen are in contempt (and this court so held in the prior proceeding) there is no basis whatsoever for saying that the trial court cannot punish them at all for that contempt. Indeed the authorities are all to the contrary.

The rule is thus stated: "The petitioner not having had imposed upon him a fine for any of the contempts of which he has been adjudged guilty in excess of the amount authorized to be imposed by the provisions of the Code of Civil Procedure (sec. 1218), under which this action was taken and had, *this court is not authorized to hold the aggregate amount thereof excessive, whatever our views might be upon this matter.*" (*Lindsley* v. *Superior Court*, 76 Cal.App. 419, 433 [245 P. 212]; *In re Carboni*, 46 Cal.App.2d 605 [116 P.2d 453]; *In re Friday*, 138 Cal.App. 660 [32 P.2d 1117]; *Seventy-Six L. & W. Co.* v. *Superior Court*, 93 Cal. 139 [28 P. 813]; *People* v. *Latimer*, 160 Cal. 716 [117 P. 1051].) As Mr. Justice Spence states in *Donovan* v. *Superior Court* this

846

day decided (see *post,* p. 848 [250 P.2d 246]), where a fine of $500 was imposed for contempt and it was claimed on certiorari that it was excessive: "The trial court, therefore, had jurisdiction to impose a fine not exceeding $500 (within the limits of section 1218 Code of Civ. Proc.) for each contemptuous act of each petitioner, and, as the court *did not impose a fine in excess of that amount for any such act, we cannot hold the aggregate amount of the fines imposed upon petitioners to be excessive.* (*Lindsley* v. *Superior Court, supra,* 76 Cal.App. 419, 433-434.) '' The basic premise of the decisions in all of the cases is that under the statute: "The judgment and orders of the court, judge, or justice, made in cases of contempt, are final and conclusive," (Code Civ. Proc., § 1222) and the only thing reachable on review of contempt orders are jurisdictional questions (*Meyberg* v. *Superior Court,* 19 Cal.2d 336 [121 P.2d 685].) The court here cannot be said to have exceeded its jurisdiction because it has the express authority under section 1218 of the Code of Civil Procedure to impose fines up to $500 and imprisonments up to five days. In fact its discretion fixing the punishment cannot be reviewed on certiorari; (*Fredrickson* v. *Superior Court,* 38 Cal.2d 593 [241 P.2d 541]; *Estate of Kay,* 30 Cal. 2d 215 [181 P.2d 1].)

These principles cannot be escaped, as the majority attempts, by saying that this is a different case, that is, it involves a denial of a motion to remit punishment rather than a judgment of contempt, because by its language section 1222 of the Code of Civil Procedure, *supra,* states that the judgment *and* the orders made in cases of contempt, are final. *Thus,* certainly an order denying a motion for remission of punishment imposed for contempt is an order made in a contempt case, and is final, and it is reviewed here by certiorari which goes to jurisdictional questions. If that is not true then the order of denial would not be reviewable on certiorari because it would not be final under section 1222; it could be reviewed only on appeal as a special order made after final judgment (the contempt judgment) (Code Civ. Proc., § 963).

The majority opinion holds "that it was a manifest abuse of discretion of the trial court to refuse to remit the punishment of the individual petitioners and the municipal corporation which could act only through the individual petitioners." From the foregoing statement, we are justified in assuming that it is the view of the majority that the trial

.

court had at least some discretion in determining what if any portion of the punishment should be remitted. In other words the trial court might have remitted $100 of the fine and one day in jail or $400 of the fine and four days in jail for each petitioner. If such had been the order of the trial court, would this court hold in either instance that there had been an abuse of discretion? If so, then the trial court had no discretion to do anything other than remit all of the punishment. What the trial court did then was not to abuse its discretion but simply failed to predict what this court thought it should do. Obviously, if the trial court had any discretion to exercise, it was not abused if it acted within the limits prescribed by the statute (see *Donovan* v. *Superior Court, supra*). Otherwise the statute is meaningless and this court can nullify every contempt judgment even though clearly within the jurisdiction of the trial court to pronounce. Such is the effect of the majority holding in this case. As stated above, it is contrary to express statutory provision and all the authorities. But I concur in the result, because petitioners were not guilty of contempt, and should not, therefore, have been subjected to any punishment whatsoever.

Respondent's petition for a rehearing was denied December 18, 1952. McComb, J. pro tem., acting in place of Shenk, J., disqualified.