[No. F006372. Fifth Dist. June 13, 1986.]

In re RONALD A. JACKSON on Habeas Corpus.

## COUNSEL

Ronald A. Jackson, in pro. per., for Petitioner.

Edward R. Jagels, District Attorney, and Stephen M. Tauzer, Deputy District Attorney, for Respondents.

## OPINION

**FRANSON, J.**—Petitioner, an attorney at law, was sentenced to 10 days in jail for 2 instances of contempt of court, the maximum allowable under Code of Civil Procedure section 1218. The circumstances behind the contempt charges are not relevant to the petition, but may be found in *In re Jackson* (1985) 170 Cal.App.3d 773 [216 Cal.Rptr. 539].

The court sentenced petitioner to serve his ten days over four weekends, as follows:

6 p.m. Friday, October 18, 1985, to 4 a.m. on Monday, October 21, 1985, for a total of three days.

6 p.m. Friday, October 25, 1985, to 4 a.m. on Monday, October 28, 1985, for a total of three days.

6 p.m. Friday, November 1, 1985, to 4 a.m. on Monday, November 4, 1985, for a total of three days.

6 p.m. Friday, November 8, 1985, to 6 p.m. on Saturday, November 9, 1985, for a total of one day.[1]

---

[1]This schedule was taken from Kern County District Attorney Stephen M. Tauzer's declaration included in the writ petition. Petitioner himself states the original sentence required him to remain in jail until 6 a.m. Monday, as opposed to 4 a.m., on each of the first three weekends.

Petitioner served the first two weekends. On November 1, 1985, when he was to reenter jail for his third weekend, petitioner obtained a stay of the imposition of sentence until November 6, 1985, when his motion to modify the sentence was scheduled for hearing.

At the November 6 hearing petitioner's motion to modify the sentence was denied, and an amended commitment to jail was filed by the court, sentencing petitioner to jail from Friday, November 8 at 6 p.m. to Monday, November 11 at 6 a.m., and again from Friday, November 15 at 6 p.m. to Saturday, November 16 at 6 p.m.—in other words, petitioner was to serve the remainder of his sentence one week later than originally planned.

On November 8, petitioner filed in this court a petition for a writ of habeas corpus and a request for stay of the proceedings below. The petition named the Superior Court, County of Kern and Larry Kleier, Kern County Sheriff, as respondents. On that same day this court stayed enforcement of petitioner's sentence, and on January 13, 1986, an order to show cause was issued.

Petitioner makes two contentions; if he is correct in both of his arguments, his 10-day sentence has been satisfied.

### Discussion

I. *What constitutes a day in jail for computation of petitioner's time served?*

Petitioner's first argument is that each calendar day *or part thereof* which he has spent in jail should count as a full day toward the completion of his sentence. He contends he has thus spent eight days in jail: parts of two Fridays, two Saturdays, two Sundays and parts of two Mondays. Respondents reply that the court was empowered to sentence petitioner to ten 24-hour "days," disregarding the calendar; thus, petitioner has served only six days of his ten-day commitment. Neither party cites authority with much conviction. The question appears to be one of first impression.

"[I]t is evident that a California court has discretionary power *within the statutory limit* to fix, alter, remit, suspend or postpone [contempt] punishment. [Citations.] As a general proposition a reviewing court may not inquire into the reasonableness of a contempt punishment fixed by the trial court *within the statutory maximum.*" (Italics added, *People* v. *Fusaro* (1971) 18 Cal.App.3d 877, 888 [96 Cal.Rptr. 368], disapproved on other grounds in *People* v. *Brigham* (1979) 25 Cal.3d 283, 292, fn. 14 [157 Cal.Rptr. 905, 599 P.2d 100]; *City of Vernon* v. *Superior Court* (1952) 39 Cal.2d 839, 842 [250 P.2d 241].) To resolve this issue, we must interpret the trial court's

sentencing power under Code of Civil Procedure section 1218.[2] Does this statute limit a contemner's sentence to a number of days "not exceeding five" for each instance of contempt or does it authorize a maximum sentence for each contempt of 120 hours (5 days times 24 hours)?

The most obvious argument against a 120-hour maximum sentence is found in the language of section 1218 itself, which sets forth its maximum sentence in "days." The Legislature can issue sentencing directives in hours instead of days when it so desires. Examples of this legislative power may be found in statutes governing punishment for driving while intoxicated (Veh. Code, § 23152). Vehicle Code section 23160 currently provides for imprisonment of "not less than 96 hours," and section 23161 mandates jail confinement of "at least 48 hours."

The legislative history of section 23160, while obviously not directly relevant, is revealing. When added to the Vehicle Code in 1981, the statute mandated a jail term of "not less than four days." (Stats. 1981, ch. 940, § 32, p. 3571.) It was modified three times in 1982. Each time the language setting the minimum jail time was changed, first to 96 hours (Stats. 1982, ch. 53, § 29, p. 174), then back to 4 days (Stats. 1982, ch. 331, § 4, p. 1632) and finally back to 96 hours (Stats. 1982, ch. 1339, § 15, p. 4986).

The fact that the Legislature troubled itself with the distinction between 96 hours and 4 days indicates its awareness of the difference between 24 hours and 1 day. The term "day" is statutorily defined, not as 24 hours, but as "the period of time between any midnight and the midnight following." (Gov. Code, § 6806.) No separate definition of the term is found in the Penal Code, and our research has failed to disclose any California case employing a different definition. Although neither Government Code section 6806 nor its predecessor, Political Code section 3259, has ever been cited in a case discussing the length of jail sentences, we see no reason for concluding that when the Legislature used the word "day" in Code of Civil Procedure section 1218, it was unaware of the preexisting statutory definition.

If a "day" under Code of Civil Procedure section 1218 is calculated from midnight to midnight, petitioner has indeed served eight days. He has served four full twenty-four-hour days, and parts of four other days. The law

---

[2]Code of Civil Procedure section 1218 provides in part: "Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding one thousand dollars ($1,000), *or he may be imprisoned not exceeding five days,* or both." (Italics added.)

normally views a fraction of a day as a full day. (*Municipal Imp. Co.* v. *Thompson* (1927) 201 Cal. 629, 632 [258 P. 955].)[3]

Such a rule may appear unreasonably lenient. Nevertheless, "'[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. . . .'" (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) The Legislature could more precisely define the term "day" as used in statutes providing for jail sentences, if it wishes to do so. Without such legislative guidance, we must agree with petitioner that he has served eight days in jail.

Finally, we observe that the trial courts still retain discretion to sentence within the five-day maximum. (*People* v. *Fusaro, supra,* 18 Cal.App.3d at p. 888.) For example, a court could compel a 120-hour contempt sentence by requiring a contemner to enter jail at 12:01 Monday morning and ordering his release at 11:59 Friday night. (Cf. *In re Karpf, supra,* 10 Cal.App.3d at p. 374.) A twenty-four-hour sentence served over two calendar days would likewise be within the five-day maximum. Only when a contemner's sentence is to be served on more than five calendar days could it be challenged as beyond the court's sentencing power. Such is the case here.

II. *Is petitioner entitled to good behavior and work performance time credit pursuant to Penal Code section 4019?*

█ Petitioner's second argument is that, having been committed to jail for a ten-day sentence, he is entitled to two days of work performance and good behavior time credit pursuant to Penal Code section 4019. Respondents contend that, as petitioner's sentence did not commit him to jail for six continuous days, he is not entitled to credits. Once again, we hold that petitioner's position has merit.

Section 4019, enacted in 1976, describes those situations in which an inmate in a county or city jail, industrial farm or road camp may earn "work performance" and "good behavior" credits. Subdivision (a)(3) permits the earning of credits when a prisoner is confined "for a definite period of time for contempt pursuant to a proceeding, other than a criminal action or proceeding." Another provision restricts application of work performance and good behavior credits to persons "committed for a period of six days or longer." (Pen. Code, § 4019, subd. (e).)

---

[3]In *In re Karpf* (1970) 10 Cal.App.3d 355 [88 Cal.Rptr. 895], the court noted that, "petitioner having been imprisoned a part of a day on two different occasions, there remains unexecuted only three days of the five-day sentence to the county jail." (*Id.,* at p. 374.)

Respondents make several policy arguments why section 4019, subdivision (e) should be interpreted as requiring commitment for six *continuous* days before credits are allowed, thus precluding credits for those serving weekend sentences. We will discuss these arguments seriatim.

A. *It is "not normally practical" to assign work to a prisoner in custody for only a few days at a time.*

The first, most obvious weakness with this argument is that it fails to address good behavior credit which petitioner seeks through Penal Code section 4019, subdivision (c). However, the argument will not stand up even as it pertains to work performance credits available under section 4019, subdivision (b). Even an attorney can quickly learn to mop floors, paint walls or clean porcelain fixtures; these and other "menial" tasks are assignable to prisoners under Penal Code sections 4017 and 4017.5.

B. *Due process requirements would present an "administrative nightmare" to jailers attempting to deny weekend prisoners their Penal Code section 4019 credits.*

Respondents set forth in their return the various procedures promulgated by the California Board of Corrections for dealing with discipline problems in local facilities, then state that "Obviously, none of this disciplinary procedure could be accomplished in the case of a weekend prisoner." Thus, respondents argue, the threat of revocation of Penal Code section 4019 credits as a disciplinary device would be a hollow one.

It appears to us that a sentence served intermittently affords more time, and not less, for administrative response to disciplinary situations. For example, a "straight" six-day contempt sentence, eligible for section 4019 credits, would give jail authorities at most four days to initiate and complete administrative actions regarding discipline, as those actions would necessarily have to be completed before two-thirds of the prisoner's sentence had been served; otherwise the issue of credits would become moot. Spread the same six-day sentence over two weekends and both the jailers and the prisoner have up to an additional five days to give notice and prepare for and conduct hearings. Arguably a "weekend prisoner" thus eases the administrative burden placed on jail authorities by Penal Code section 4019.

C. *The "specificity of weekend sentencing" precludes application of credits by jail authorities.*

Respondents argue that where the court has specifically designated in advance the times when a prisoner is to serve his sentence, either Penal

Code section 4019 credits would have to be applied in advance or a system of court review and modification of commitment would have to be established.

The practical effect of section 4019 on a prisoner serving a definite term is that it requires his or her release when the number of days served plus the credits earned equals the total jail sentence. So long as the total sentence is either set forth in the commitment in terms of days or can be calculated in days from the language of the commitment, there is no reason why an accelerated release date under section 4019 cannot be determined by jail authorities. Merely setting forth in the commitment the precise times during which the sentence is to be served cannot be enough to remove a prisoner's right to earn good behavior and work performance credits; if it were, trial courts could indiscriminately "revoke" credits in advance merely by issuing sentences in that form.

D. *The weekend prisoner is convenienced in other ways, and thus "does not need" incentives under Penal Code section 4019.*

True, the weekend prisoner is convenienced by not having to disrupt his work schedule (and thus risk his employment) while serving "straight time." We accept this argument inasmuch as it establishes a higher motivation for those serving straight sentences to earn credits. Nevertheless, we cannot say that a weekend sentence eliminates any motivation to shorten the time one must serve in jail; nor can we accept the proposition that the convenience to a weekend prisoner of being free throughout the work week in and of itself is sufficient to counterbalance the denial of Penal Code section 4019 credits.

Respondents acknowledge that this court, in dictum, has stated that section 4019 appears to apply to weekend prisoners. (*Parsons* v. *Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 629, 632, fn. 1 [179 Cal.Rptr. 88].) Respondents argue that, as the portion of section 4019 quoted in the footnote does not include subdivision (e), the court must have failed to take into account the limitation provided in that subdivision that no credits will be applied "unless the person is committed for a period of six days or longer."

The footnote does, however, quote from subdivision (b) which permits the earning of a work performance credit " 'for each six-day period in which a prisoner is committed to a facility . . . .' " (*Parsons, supra,* 126 Cal.App.3d at p. 632, fn. 1.) There is no meaningful distinction between the "six-day period" of subdivision (b) and the "period of six days" in subdivision (e). Any argument that this court ignored or was unaware of the six-day requirement in the *Parsons* opinion cannot be taken seriously.

In addition, the *Parsons* footnote points out that "[i]t appears to be a common judicial and administrative practice to exclude [Tulare] county inmates or prisoners from eligibility for work-time credits when they are confined on weekends as a condition of probation, as opposed to confinement pursuant to regular sentencing." (*Parsons, supra,* 126 Cal.App.3d at p. 632, fn. 1.) Thus, at least in Tulare County, prisoners confined like petitioner on weekends *pursuant to regular sentencing* are awarded credits earned under section 4019. While this fact does nothing to prove the propriety of awarding such credits, it tends to undermine respondents' arguments that the administrative burden in doing so would be excessive.

Let a writ of habeas corpus issue, 1. Directing the trial court to modify petitioner's commitment to reflect that petitioner has only two more days to serve.

2. Directing the Kern County Sheriff to either immediately discharge the remaining two days of petitioner's sentence, or, within a reasonable time period (and before petitioner is returned to jail), conduct a hearing to determine whether petitioner is entitled to work performance and good behavior time credit pursuant to the provisions of Penal Code section 4019, subdivisions (b) and (c). (See *In re Walrath* (1980) 106 Cal.App.3d 426, 432-433 [164 Cal.Rptr. 923].)

Brown (G. A.), P. J., and Martin, J., concurred.